### PEOPLE ex rel. LYON v. NICOLL.

(Supreme Court, Special Term, New York County. June 3, 1891.)

At chambers. Application for a writ of mandamus to compel De Lancey Nicoll, district attorney, to reinstate relator to a position theretofore held by him in the district attorney's office, from which he claimed to have been wrongfully removed. Denied.

O'BRIEN, J. The relator bases his claim that he was illegally discharged by the respondent under chapter 312 of the Laws of 1884, as amended by chapter 464 of the Laws of 1887, and as further amended by chapter 119 of the Laws of 1888. The latter act (chapter 119, Laws 1888) provides (section 1) that "no person holding a position by appointment in any city or county (unless he has been appointed for a definite term), who is an honorably discharged soldier," etc., "shall be removed * * * except for cause shown after a hearing had." The two questions presented upon this application are, first, the question of fact as to whether or not the relator was appointed for a definite term, and the question of law as to whether the district attorney's office is a public department or a department of public works, within the

meaning of the statutes, or whether the relator held a position by appointment in any city or county. The relator, other than his own sworn statement, produces no evidence that he was appointed for an indefinite period, and his assertion, though supported by his oath, is met by the counter affidavits of the present district attorney tending to show that the relator was not removed, and his predecessor in office that the relator was appointed for a definite period of three years, commencing on the 1st day of January, 1888, and ending on the 31st day of December, 1890. I am referred to no law by which the power is given to any district attorney to make appointments extending beyond the period for which they are themselves elected. As definite terms are expressly excluded, and come within the exception of chapter 119 of the Laws of 1888, relator cannot claim the benefit of that statute. Upon the other question, namely, the one of law raised, the application must be denied. The district attorney's office is not a public department or a department of public works, but a state office, classified by the Revised Statutes as a judicial office. 1 Rev. St. (Banks & Bros.' 8th Ed.) p. 369; Fellows v. Mayor, etc., 8 Hun, 484. The case of the relator is not therefore within the operation of chapter 119 of the Laws of 1888. This precise question was considered by Mr. Justice Barrett in McDonald v. Mayor (Cir. Ct.) infra, in a decision filed May 24, 1889. It is therein said: "It seems to be reasonably clear from the entire act that the intention was to cover the civil and political administration of cities and counties, and not interfere with the judicial machinery. * * * If the legislature intended to embrace other than city or county officers, it must be presumed that the statute would have so declared in express terms." The application for a writ is therefore denied.