PEOPLE ex rel. AJAS v. DEPARTMENT OF HEALTH OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

1. MANDAMUS (§ 160*)—ALTERNATIVE WRIT—REQUISITES.
    Under Code Civ. Proc. § 2076, making the statement in an alternative writ of mandamus subject to the Code provisions relating to the complaint in an action, an alternative writ of mandamus must contain a statement of the facts constituting the grievance to redress which it is issued.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 326, 327; Dec. Dig. § 160.*]

2. MANDAMUS (§ 159*)—"PLEADINGS IN AN ACTION"—WRIT AND RETURN.
    Under Code Civ. Proc. § 2082, providing that the proceedings, after joinder of issue on law or facts on an alternative writ of mandamus, are

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same as in an action, the Code relating to the proceedings in an action applies to mandamus, and for the purpose of the application the writ and the return, or the writ and the demurrer, are deemed "pleadings in an action."

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 159.*

For other definitions, see Words and Phrases, vol. 6, pp. 5409–5411; vol. 8, p. 7756.]

3. MANDAMUS (§ 160*)—ALTERNATIVE WRIT—STATEMENT OF FACTS—SUFFICIENCY.

An alternative writ of mandamus to compel the board of health of a city to abate a nuisance, which fails to state any facts, as distinguished from conclusions of law, from which the court may determine whether a nuisance exists and whether relator has any grievance to be redressed, is demurrable, though such facts are stated in the affidavits used in the application for the writ.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 160.*]

4. MANDAMUS (§ 160*)—ALTERNATIVE WRIT—DEFECTS—WAIVER.

Under Code Civ. Proc. § 499, providing that the objection that the complaint does not state a cause of action is not waived by failure to demur or answer, and section 2076, making a statement in an alternative writ of mandamus subject to the Code provisions relating to the complaint in an action, the filing of a return to an alternative writ of mandamus does not waive substantial defects in the writ, and the objections to it on such grounds may be raised any time before a peremptory writ issues.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 160.*]

5. MANDAMUS (§ 162*)—ALTERNATIVE WRIT—MOTION TO QUASH—"INVOLVE THE MERITS."

A motion to quash an alternative writ of mandamus on the ground of its insufficiency does not "involve the merits," within Code Civ. Proc. § 2075, providing that an alternative writ cannot be quashed on motion for any matter involving the merits.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 338–340; Dec. Dig. § 162.*

For other definitions, see Words and Phrases, vol. 5, pp. 4493–4495; vol. 8, p. 7721.]

6. MANDAMUS (§ 173*)—ALTERNATIVE WRIT—MOTION TO QUASH—HEARING— WAIVER.

A relator in mandamus, who without objection argued the motion to quash the alternative writ on the ground of its insufficiency, at the hearing on the writ and return in the Trial Term of the Supreme Court, thereby waived his right to a hearing, as fixed by Code Civ. Proc. §§ 2068, 2069, 2075, before the Appellate Division or the Special Term.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 173.*]

7. MANDAMUS (§ 187*)—ORDER QUASHING ALTERNATIVE WRIT—APPEAL.

An appeal from a final order made on an alternative writ of mandamus must, by Code Civ. Proc. § 2087, be taken as an appeal from a judgment, and hence the appeal should not be placed on the nonenumerated calendar.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 187.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Paul A. Ajas, against the Department of Health of the City of New York. From an order quashing an alternative writ of mandamus, relator appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Otto Kempner, for appellant.

James D. Bell, for respondent.

BURR, J. An alternative writ of mandamus must contain a statement of the facts constituting the grievance to redress which it is issued. Code Civ. Proc. § 2076; People ex rel. Post v. Ransom, 2 N. Y. 490. It may be met either by a demurrer, raising an issue of law, or a return, raising an issue of fact. Code Civ. Proc. §§ 2076, 2077; People ex rel. Ackerman v. Lumb, 6 App. Div. 27, 39 N. Y. Supp. 514. Except as otherwise expressly prescribed in the Code of Civil Procedure, proceedings, after issue is joined either upon the law or upon the facts, are in all respects the same as in an action, and each provision of the Code relating to the proceedings in an action applies thereto, and for the purpose of the application the writ and the return, or the writ and the demurrer, are deemed to be pleadings in an action. Code Civ. Proc. § 2082; People ex rel. Ryan v. Bingham, 114 App. Div. 178, 99 N. Y. Supp. 593.

The alternative writ issued in this proceeding states but three things: First, that the relator has complained to the Supreme Court against the maintenance of an ash and garbage dump and receiving station on Ridgewood avenue, between Woodbine and Madison streets, in the borough of Brooklyn; second, that he has demanded of the board of health of the city of New York that said ash and garbage dump and receiving station be declared a public nuisance, and that the same be abated; and, third, that the board of health has unjustly refused and still refuses to proceed against said ash and garbage dump, and has failed to abate the said nuisance.

We are not called upon to decide whether the relator has not wholly mistaken his remedy, and whether, if a nuisance does exist, he should not be compelled to institute proceedings against the party maintaining the same for an abatement thereof. It is enough for the present to say that the alternative writ fails to state any facts, as distinguished from conclusions of law, from which the court may determine whether a nuisance does exist, and whether relator has any grievance to be redressed. It is not sufficient that such facts may have been stated in the affidavits used in the application for the writ. They must appear in the writ itself. Instead of demurring to the writ, as would have been the better practice, a return was filed. This, however, does not waive substantive defects in the writ, and objections to it upon such grounds may be raised at any time before a peremptory writ issues. Code Civ. Proc. §§ 2076, 499; Commercial Bank v. Canal Commissioners, 10 Wend. 25; People ex rel. Ryan v. Green, 58 N. Y. 295; People ex rel. Bacon v. N. C. Ry. Co., 164 N. Y. 289, 58 N. E. 138; People ex rel. Fogarty v. Cassidy, 118 App. Div. 693, 103 N. Y. Supp. 671.

This proceeding was brought to a hearing upon the writ and return in the Trial Term of the Supreme Court of Kings county, and after a

jury had been sworn a motion was made to quash and set aside the writ upon the ground of the insufficiency thereof, which motion was granted, and from the order entered on such decision this appeal is taken. The learned counsel for the appellant attacks this order upon the ground, first, that an alternative writ of mandamus cannot be quashed or set aside upon motion, for any matter involving the merits. Code Civ. Proc. § 2075. The motion made to quash or set aside the writ did not involve the merits, and the order entered thereon was no more an adjudication upon the merits than any judgment of nonsuit in an action. All that the determining part of the order did was to quash the writ. It did this because the writ did not contain a proper and sufficient statement of the facts constituting relator's. grievance, if any, to entitle him to the redress sought. The order would not bar a new proceeding for the same relief, if relator could state facts entitling him thereto.

The learned counsel for the appellant further claims that a motion to set aside an alternative writ of mandamus for any other cause than a matter involving the merits can only be made at a term whereat the writ might have been granted, to wit, at a term of the Appellate Division of the Supreme Court, or at a Special Term of the same court. Code Civ. Proc. §§ 2075, 2068 and 2069. If the objection were otherwise well taken, it is a complete answer to it that it clearly appears that the relator and appellant waived any right which he might have had to insist that the motion should be made at a Special rather than a Trial Term of the Supreme Court, and proceeded to argue and did argue the questions involved, without objection, in that branch of the court where the proceeding then was for hearing and determination. As the provision as to the place of hearing related simply to a matter of procedure, it was within his power to waive it.

An appeal from a final order made upon an alternative mandamus must be taken as an appeal from a judgment. Code Civ. Proc., § 2087. This appeal should not have been placed upon the nonenumerated calendar.

The final order appealed from should be affirmed, with costs. All concur.