In the Matter of the Application of JAMES FLAHERTY, Respondent, for a Writ of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

First Department, July 11, 1918.

Mandamus — objections to application — waiver — petition by court attendant of county of Kings to compel city comptroller to audit payrolls for increased salary — sufficiency of notice of resolution increasing salary — provision of section 149 of Greater New York charter that receipt of money and signature of payroll without written protest constitutes accord and satisfaction not applicable to State officer — power of justice of Supreme Court of county of Kings to fix compensation of court attendants.

Where technical objections are desired to be raised to the papers on an application for a peremptory writ of mandamus, their sufficiency should be challenged at the first opportunity, and the point should be stated in the order to have been preliminarily raised and passed upon by the court, otherwise the objection will be deemed to have been waived and cannot be urged upon appeal.

Hence, where on appeal from an order granting an application by an official court attendant of the Supreme Court, county of Kings, for a peremptory writ of mandamus to compel the comptroller of the city of New York to audit payrolls containing the relator's salary as increased by the justices of the Supreme Court, the order appealed from recites an adjournment of the argument of the motion from the eleventh to the sixteenth day of the month, and no mention is made in said order of any preliminary objection to the sufficiency of the papers having been presented, but the objections are contained in the comptroller's affidavit which is verified on the seventeenth day of the month, and alleges that the petition was insufficient for failure to state that no previous application for the order to show cause had been made as required by rule 25 of the General Rules of Practice, and that it did not show any reason for requiring a shorter notice of motion than eight days as required by rule 37 and section 780 of the Code of Civil Procedure, said objections will be disregarded. The comptroller by the adjournment obtained the full time to which he would have been entitled, and was in no way prejudiced.

Material facts alleged in the petition were not denied by the comptroller so as to prevent the granting of a peremptory writ.

It was not necessary for the relator or the justices to have notified the comptroller personally of the resolution increasing the relator's salary. Notice by the justices to the board of estimate and apportionment of their action, with the request that appropriate action be taken by the board to provide funds and pay the salary, was sufficient.

The provision of section 149 of the Greater New York charter as to the receiving of money and signing the payroll without a written protest constituting an accord and satisfaction, does not apply to the salary of a State officer whose salary is made a county charge and is fixed by State officers under the authority of the statute.

The power conferred on the justices of the Supreme Court residing in the county of Kings, by section 168 of the Judiciary Law, to appoint attendants and fix their salaries is not subject to the restrictions contained in the Greater New York charter, and said power is not subject to the control of the board of estimate and apportionment and the veto of the comptroller.

The board of estimate and apportionment cannot nullify the acts of the justices of the Supreme Court in increasing the salary of a court attendant by failing or refusing to provide the necessary funds.

APPEAL by the defendant, Charles L. Craig, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of April, 1918, granting an application for a peremptory writ of mandamus.

The appeal was transferred from the Second Department to the First Department. (See 184 App. Div. 908.)

*Joseph P. Reilly* of counsel [*William P. Burr, Corporation Counsel*], for the appellant.

*Hunter L. Delatour* of counsel [*Meier Steinbrink*, attorney], for the respondent.

PAGE, J.:

The relator is one of the official court attendants of the Supreme Court, county of Kings. Prior to January 1, 1918, his annual salary was $1,800. On December 13, 1917, the justices of the Supreme Court residing in Kings county passed a resolution increasing his annual salary to $2,000 to take effect on and from January 1, 1918. The comptroller has refused to pay the salary at the increased rate, but for the months of January, February and March has paid to the relator the sum of $150 per month. The relator alleges that he has protested to the comptroller that he received the warrants for $150 only on account, and protested against his failure to send the balance. This statement is denied by the comptroller. A peremptory writ of mandamus has been

ordered issued directed to the comptroller of the city of New York, requiring him to audit the payrolls containing the increased salary of the relator for the months of January, February and March, 1918, and to pay over to the relator the sum of $49.98, being the balance due upon the salary for those months at the increased rate. On this appeal the comptroller presents several grounds for a reversal of the order which I will consider in detail:

(1) That the petition is insufficient and the order to show cause should have been dismissed. The alleged insufficiency is the failure to state that no previous application for the order to show cause had been made, as required by rule 25 of the General Rules of Practice; that it did not show any reason for requiring a shorter notice of motion than eight days as required by rule 37 of the General Rules of Practice and the Code of Civil Procedure (§ 780). The order appealed from recites an adjournment of the argument of the motion from the 11th to the 16th day of April, 1918, and no mention is made in the order of any preliminary objection to the sufficiency of the papers having been presented. The objections are contained in the comptroller's affidavit, but that is verified on the seventeenth day of April. Where technical objections are desired to be raised to the papers their sufficiency should be challenged at the first opportunity and the point should be stated in the order to have been preliminarily raised and passed upon by the court. Otherwise the objection will be deemed to have been waived and cannot be urged upon appeal. The comptroller obtained by the adjournment the full time to which he would have been entitled and was in no way prejudiced. These objections will, therefore, be disregarded.

(2) It is claimed that material facts alleged in the petition were denied by the respondent and that a peremptory writ should not have been granted. If there are material allegations of fact denied then a peremptory writ should not have been granted. The comptroller does not deny that he had knowledge of the passing of the resolution by the justices fixing the relator's salary. But he argues that such might have been the case because no formal notice was served upon him, although he admits that a copy of the resolution was

sent to and received by the board of estimate and apportionment with a request that provision be made for payment of the salaries, and that action was taken thereon, which appears from the affidavit of the secretary of said board, presented in opposition, to have been considered by the board at several meetings, and the subject of correspondence between the justices and the board, which were referred to a committee and several reports thereon considered by the board, and votes taken thereupon. The comptroller says that it does not appear that he was present at the meeting that received the letter or at the meetings that acted upon it, and even if he was present thereat, he might very properly treat it as not intended for him, but rather as notice to and for the direct consideration of the board of estimate and apportionment. The fact of the comptroller's attendance or non-attendance at the meetings, of his information of the communication of the justices and the action or non-action of the board of estimate were clearly matters peculiarly within his own knowledge, and if the facts were material, such an evasive and argumentative denial would constitute no denial at all and would not raise any issue of fact.

The reason why the comptroller did not deny the facts might appear if reference were had to the minutes of the board of estimate and apportionment on the various dates set forth in the secretary's affidavit, as published in the *City Record,* where presumably would be found a record of those in attendance and voting upon the resolutions.

In my opinion it was not necessary for the relator or the justices to have notified the comptroller personally. If the justices had the power to fix the salary, their notice to the board of estimate and apportionment of their action with the request that such action be taken by the board as was appropriate and necessary to provide the funds and pay the salary was sufficient. The conceded facts show that the justices performed their whole duty and that a payroll prepared in accordance with their resolution was presented to the comptroller and that he refused to audit the same or make the payment therein required. The only other fact denied is that the relator received the payment of $150 under protest. Assuming that the relator's salary was legally fixed at the

rate of $2,000 (which will be considered later) his acceptance of an installment at a lower rate would not deprive him of his right to the salary. The salary was fixed by the justices of the court. It was not the subject of adjustment by the comptroller. Section 149 of the Greater New York charter provides that " Every official, employee or person who shall sign the receipt upon such payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due to such person from the city of New York for the period covered by such payroll, unless at the time of signing such payroll the person receiving such wages or salary shall write legibly thereon in connection with his receipt, that the amount received is received under protest, and unless such protest is so written upon such payroll no recovery shall be had against the city of New York upon any further claim for wages or salaries for the period of time covered by such payroll."

An accord and satisfaction presupposes a *bona fide* dispute that can be adjusted between the parties. To make such a dispute, the comptroller must be assumed to have the power to dispute the amount of the salary, so that the parties may arrive at an agreement for which the payment would afford a consideration. We find, however, in another portion of this same section of the charter this provision: " The power hereby given to settle and adjust such claims shall not be construed to authorize the comptroller to dispute the amount of any salary established by or under the authority of any officer or department authorized to establish the same * * * except when necessary to prevent fraud."

Therefore, it is clear that the provision as to receiving the money and signing the payroll without a written protest constituting an accord and satisfaction cannot apply to the salary of a State officer whose salary is made a county charge, and is fixed by State officers under the authority of a statute, any more than the comptroller would have power to dispute a similar salary fixed by statute.

This brings us to the important question of this appeal, and that is, have the justices of the Supreme Court the power

to appoint attendants of the court and fix their compensation? Or is that power subject to the control of the board of estimate and apportionment and the veto of the comptroller? For while this is not stated to be the position of the corporation counsel, it is, in effect, the position taken by him. He argues that the power conferred on the justices of the Supreme Court residing in the county of Kings to appoint attendants and fix their salaries by section 168 of the Judiciary Law* is subject to the restrictions contained in the Greater New York charter; that as departmental heads they must submit their departmental estimates at a date sufficiently early to permit the financial officers to look into the reasonableness of them, and to allow the taxpayers to examine them and file complaints, if they deem them unreasonable, and when these estimates are passed upon by the taxpayers and the financial officers of the city, then the courts must work within the appropriation or budgetary allowance made for and to it. He cites as controlling the limitation upon the power of the board of aldermen to raise salaries and make it mandatory upon the board of estimate and apportionment or the comptroller to provide by special appropriation of money to pay such an increase, and he asks why should a like authority in the justices of the Supreme Court residing in Kings county make a special appropriation mandatory? It seems surprising that such a question can be seriously asked. But as the argument is a fair presentation of the position assumed by the city officials, it would be well to point out the fact that seems to have been ignored that the Supreme Court, even when held in and for a county within the city of New York, is not a department of the city government but a part of the Judicial Department of the State. That it has always been held that such court has power to require of the locality within which its sessions are held that it shall be supplied with adequate accommodations and facilities for the transaction of its judicial business. Attendants upon the court are a necessary adjunct to the due and orderly admin-

---

* See Consol. Laws, chap. 30 (Laws of 1909, chap. 35), § 168, as amd. by Laws of 1913, chap. 826.— [REP.

istration of the business of the court. The attendant is required to be in attendance on the sittings of the court and to execute its commands, secure due order in its proceedings and attend upon juries. The power to appoint, to remove and to fix the compensation of its attendants must be vested in some one. In the absence of a statute, a court of general jurisdiction, of record or of last resort, would have the inherent power to appoint such attendants and assistants as the judges thereof deemed necessary to the proper exercise of its judicial functions. The Legislature has wisely in the instant case given that power to the justices of the Supreme Court residing in the county where the attendants are to serve (Judiciary Law, § 168), and the power of necessity must be exercised free from the control or dictation of local officials whose only duty it is to provide the funds necessary for the due administration by the courts of the judicial power of the State.

The objection is urged that the taxes of the year 1918 have been levied and no provision has been made for this increased salary, and the board of estimate and apportionment has made no provision therefor. This presents no obstacle for the proper performance of the duty of the comptroller to provide funds. Section 187 of the Greater New York charter (as amd. by Laws of 1910, chap. 683) gives him the power to issue special revenue bonds in such a contingency. We do not assume, however, to direct in what manner the money to meet this increase in salary shall be raised. It was the duty of the board of estimate and apportionment to act when requested by the justices to provide the funds. It cannot nullify the act of the justices of the Supreme Court by a failure or refusal to act.

The proper authority having fixed the salary, it must be paid.

The peremptory writ of mandamus was properly granted, and the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.