WILLIAM COPELAND DODGE, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

First Department, December 17, 1937.

*Matthew G. Saltzman* of counsel [*Abraham Saltzman* with him on the brief], for the plaintiff.

*Oren Clive Herwitz* of counsel [*Paxton Blair* and *Robert H. Schaffer* with him on the brief; *Paul Windels, Corporation Counsel*], for the defendant.

GLENNON, J.   We are asked to determine the amount of yearly salary which the plaintiff, as district attorney of New York county, was entitled to receive under the law during the years 1934, 1935, 1936 and the first six months of 1937.

The plaintiff was elected district attorney of New York county in November, 1933, for a term of four years, commencing January 1, 1934.   The statutory salary of the district attorney had been fixed by chapter 662 of the Laws of 1924 at $20,000 per annum. However, the city, in 1933, acting purportedly under chapter 637 of the Laws of 1932, modified the budget and, among other things, reduced the salary of the district attorney to $16,695 per annum. This reduced rate of compensation was carried in the budgets of 1934, 1935, 1936 and 1937.   However, plaintiff received only $14,746.53 in 1934, and $16,695 in  1935 and 1936.   For the first six months of 1937 plaintiff, likewise, received salary as reduced. Since July 1, 1937, plaintiff has been paid at the statutory rate of $20,000 per year.   Plaintiff claims that he should have been paid at the rate of $20,000 per annum for the entire period of his term of office.

At the outset, the city concedes that the district attorney is a constitutional State officer, and is entitled to the protection of section 9 of article 10 of the Constitution of the State of New York, which reads as follows: " No officer whose salary is fixed by the Constitution shall receive any additional compensation.   Each of the other State officers named in the Constitution shall, during his continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he shall have been elected or appointed; nor shall he receive to his use any fees or perquisites of office or other compensation."

The city, however, makes the claim that the salary of the district attorney was properly reduced under a grant of power from the Legislature to the local bodies by chapter 637 of the Laws of 1932, the pertinent portion of which reads:

" § 2. *   *   *   , the board of aldermen of the city of New York, upon the recommendation of the board of estimate and apportionment of such city, shall have the exclusive power to fix the salary of each and every officer or person, not excluding officers and

employees performing or engaged in State or county business or functions, whose compensation, wholly or in part, is paid out of the city treasury, except that the provisions of this act shall not be construed to apply to or affect the provisions of the Labor Law, or of the Education Law in relation to the supervising, teaching and administrative staffs or other employees of the board of education or of the board of higher education of such city; the salaries or compensation of any officer, employee or other person in the following State courts: The Appellate Divisions of the Supreme Court, First and Second Departments, the Supreme Court within the First Judicial District and Second Judicial District, the Surrogate's Courts of the counties of New York, Kings, Bronx and Queens, the Court of General Sessions of the County of New York."

The district attorney is, in our opinion, exempted from the class of persons whose salaries may be reduced under the statute just quoted. He is an officer in the court and of the court — a judicial officer. It is evident from the decisions and the many laws under which the district attorney operates that his work is an inseparable part of the judicial system of the State. The statutory activities of the district attorney must be considered as incidentally and collaterally connected with the functions of the court. The most recent decision on this point is *Spielman Motor Sales Co., Inc.*, v. *Dodge* (295 U. S. 89), in which Chief Justice HUGHES wrote:

" Despite this provision for local elections, the district attorney in each county has been regarded as a State officer performing a State function and taking the place, in respect to his duties within the district or county, of the Attorney General, upon whom at the outset these duties had been laid. Lincoln's Constitutional History of New York, vol. 2, pp. 529, 530; vol. 4, pp. 722, 723. Under the State statutes prior to 1892, it appears that district attorneys were classified as judicial officers. N. Y., Rev. Stat., Chap. V, Title I. In *Fellows* v. *Mayor* (1876), 8 Hun, 484, 485, dealing with the status of an assistant district attorney, the court said: ' It is conceded that the district attorney is a State officer. It could not well be questioned.' And in *People ex rel. Lyon* v. *Nicoll* (1891), 32 N. Y. S. 279, 280, the court referred to the office of the district attorney as ' a State office, classified by the Revised Statutes as a judicial office.'

" In the Public Officers Law of 1892 (now Chapter 47 of the Consolidated Laws of New York, Article I, § 2) a different classification was made and public officials were defined as either ' State officers ' or ' local officers,' the latter embracing officers chosen ' by the electors of a portion only of the State.' District attorneys

fall within this description of local officers. Notwithstanding the change in classification, they are still to be deemed a part of the judicial system of the State, each performing within his county a distinctively State function. Lincoln's Constitutional History of New York, *loc. cit.* See Opinions, Attorney-General of New York, 1924, p. 120."

Again, in *Fellows* v. *Mayor* (8 Hun, 484), the court, in referring to an assistant district attorney, wrote: "It is conceded that the district attorney is a State officer. It could not well be questioned. * * * They are connected with and make a part of the department of an officer of the State, connected with its judicial system, and performing many of his duties * * *. He was connected with the county government. This cannot be disputed, but it was in relation to the judicial system of the State that he was thus connected, in the same manner as his superior officer, the district attorney, is."

DAVIS, P. J., in a concurring opinion, stated: "He is classified among the judicial officers of the State."

Other similar decisions are contained in the reports. (*Matter of Union Bank of Brooklyn*, 204 N. Y. 313; *People* v. *Fielding*, 158 id. 542; *People* v. *Fuller*, 156 Misc. 404, and *People ex rel. Lyon* v. *Nicoll*, 32 N. Y. Supp. 279.)

The city takes the position that the district attorney cannot be an officer in the court since his "function is the investigation and prosecution of those who violate our criminal statutes," whereas it is the function of the courts to mete out impartial justice. In advancing this contention the city, no doubt, has overlooked the words of Judge VANN in *People* v. *Fielding* (*supra*): "Language which might be permitted to counsel in summing up a civil action cannot with propriety be used by a public prosecutor, who is a *quasi*-judicial officer, representing the People of the State, and presumed to act impartially in the interest only of justice. If he lays aside the impartiality that should characterize his official action to become a heated partisan, and by vituperation of the prisoner and appeals to prejudice seeks to procure a conviction at all hazards, he ceases to properly represent the public interest, which demands no victim, and asks no conviction through the aid of passion, sympathy or resentment."

If further argument were needed to establish the fact that the district attorney is a judicial officer and an officer in and of the court, reference only need be made to the brief of the city of New York in the Court of Appeals in the case of *Hanley* v. *City of New York* (250 App. Div. 552; affd., 275 N. Y. 482). There it was stated:

"In an effort to support the argument that the sheriff is a judicial officer, reliance has been placed upon *Spielman Motor Sales*

*Co., Inc.,* v. *Dodge,* 295 U. S. 89 (1935); *People* v. *Fuller,* 156 Misc. 404; and *Olmsted* v. *Meahl,* 219 N. Y. 270. However, those cases have no application here. In the first two cases, it was held that a district attorney was a State officer by reason of the fact that he forms a part of the State judicial system. Those decisions are based upon two facts, first, a district attorney performs within a county the duties of an Assistant Attorney-General and is in fact the historical successor of such an officer, and second, under all decisions and statutes prior to 1892, district attorneys were uniformly classified as judicial officers.     *   *   *

" Sheriffs are neither declared by the Constitution to be judicial officers as are county clerks, nor have they been so classified by statutes or decisions as have district attorneys."

If we add to this statement the ruling of the Supreme Court of the United States in *Spielman Motor Sales Co., Inc.,* v. *Dodge (supra),* that, despite the reclassification by the Public Officers Law of 1892, the district attorney is " still to be deemed a part of the judicial system of the State," there is, in our minds, no doubt that the district attorney must be classified for all purposes as an officer in the courts. Consequently, the grant of power (Laws of 1932, chap. 637) did not authorize the city to reduce the salary of the district attorney.

The city next contends that the failure of the plaintiff to note a protest upon his payroll receipts during the period involved in this controversy constitutes a bar to maintaining his claim and is, under the provisions of section 149 of the Greater New York Charter, an accord and satisfaction. This contention finds no support in the authorities. In fact, they are to the contrary. They definitely hold that where a statute fixes the salary of a State officer it belongs to him as an incident to the office and he cannot be compelled under any circumstances to accept a lesser sum. (*Grant* v. *City of Rochester,* 79 App. Div. 460; affd. on opinion below, 175 N. Y. 473; *Matter of Flaherty* v. *Craig,* 184 App. Div. 428; reversed on other grounds, 226 N. Y. 76; *Moore* v. *Board of Education,* 121 App. Div. 862.)

In *Grant* v. *City of Rochester (supra)* we find that the public official acquiesced in and consented to a salary reduction. Nevertheless, he was permitted, at a later date, to recover the difference between what he actually received and the amount fixed by statute. In that case the court said:

" The rule applicable to the case is that, when the salary of an officer of a municipality is fixed by law, it belongs to him as an incident to his office so long as he holds it, and when wrongfully withheld may be recovered.

" The rule, without qualification, is firmly established in this State, whatever may be held elsewhere. * * *

" The fact also that the plaintiff as commissioner of public works furnished to the board of estimate and apportionment, which he was required by law to do, a statement of the amount which in his opinion should be appropriated for his department during the year 1901, including in it his salary at the reduced rate fixed by the common council and the acceptance of the check of the treasurer each month for that amount, stated to be in full, is without effect, for under the rule the doctrine of estoppel or waiver can have no application."

It follows, therefore, that plaintiff's acceptance of less than the statutory salary does not amount to an estoppel, a waiver or an accord and satisfaction.

Judgment should be, accordingly, rendered in favor of the plaintiff for $13,515.97, with interest thereon from January 27, 1937, the date of the filing of the notice of claim, but without costs pursuant to the terms of the stipulation.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff for $13,515.97, with interest thereon from January 27, 1937, the date of the filing of the notice of claim, but without costs pursuant to the terms of the stipulation. Settle order on notice.