In the Matter of MURRAY LEITNER, Respondent, against NEW YORK TELEPHONE COMPANY, Appellant.

Argued January 5, 1938; decided March 8, 1938.

*Irving W. Young, Jr., N. H. Egleston, Hugh N. Wells* and *Charles T. Russell* for appellant. The petitioner failed to show any legal right to a peremptory order of mandamus. (*Matter of Rexford Flats Bridge Co. v. Canal Board,* 168 App. Div. 558; 217 N. Y. 687; *Matter of Spanhake v. Teachers' Retirement Fund,* 224 App. Div. 75; 249 N. Y. 605; *Matter of Smith v. Loughman,* 132 Misc. Rep. 527; 226 App. Div. 395; *Matter of McEneny v. McKee,* 236 App. Div. 140; 262 N. Y. 494; *Weld v. Postal Telegraph-Cable Co.,* 199 N. Y. 88; *Primrose v. Western Union Tel. Co.,* 154 U. S. 1; *Metzger v. New York State Railways,* 168 App. Div. 187; *Murray v. New York Tel. Co.,* 170 App. Div. 17; 226 N. Y. 590; *City of New York v. New York Edison Co.,* 196 App. Div. 644.) The petitioner has no legal right to have the reasonableness of the telephone company's rules and regulations on file with the Public Service Commission determined by an order of mandamus unless and until he has exhausted his remedies before the Public Service Commission vested with jurisdiction for that purpose. (Public Service Law

[Cons. Laws, ch. 48], §§ 92, 97; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17; 226 N. Y. 590; *Metzger* v. *New York State Railways*, 168 App. Div. 187; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Fulton Light, Heat & Power Co.* v. *Seneca River Power Co.*, 205 N. Y. Supp. 821; *Gilchrist* v. *Interborough R. T. Co.*, 279 U. S. 159; *Matter of Carroll R. Corp.* v. *New York Edison Co.*, 141 Misc. Rep. 266.) The police department having objected to and disapproved the furnishing of telephone service to the petitioner, the telephone company had a legal right to refuse such service. (*People ex rel. Restmeyer* v. *New York Tel. Co.*, 173 App. Div. 132; *Matter of Montario* v. *New York Tel. Co.*, 224 N. Y. 571; *Matter of Cullen* v. *New York Tel. Co.*, 106 App. Div. 250.)

*I. Lee Merin, Jacob Granat* and *Seymour Robinowitz* for respondent. The respondent-appellant did not raise any objections in point of law to the alternative mandamus order, but waived its right thereto by electing to make and file its return to the order, thereby raising issues of fact only. (*Matter of Isenbarth* v. *Bartnelt*, 205 App. Div. 845.) Mandamus is the petitioner's proper remedy. Petitioner had no adequate remedy before the Public Service Commission. (*People ex rel. Weatherwax* v. *Watt*, 115 Misc. Rep. 120; *Goodell* v. *Woodbury*, 71 N. H. 378; *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.*, 237 U. S. 121; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17; *Tucker* v. *Western Union Tel. Co.*, 95 Misc. Rep. 287.) No legal right to refuse petitioner telephone service is given to the telephone company by the action of the police department in objecting to and disapproving the furnishing of such service, especially where the action of the police department is arbitrary, unreasonable, discriminatory, prejudicial and based on mere suspicion. (*Matter of Housman*, 224 N. Y. 525; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *People ex rel. Restmeyer* v. *New York Tel. Co.*, 173 App. Div. 132; *Matter of Cullen* v. *New York Tel. Co.*, 106 App. Div. 250.)

RIPPEY, J.   An application was made for a peremptory order of mandamus to compel defendant to reinstate public coin box telephone service in two telephone booths located in a cigar store operated by petitioner at 70 Barclay street, New York city.   The proceeding was commenced by service of a petition, affidavit and order to show cause why such an order should not issue.   Upon the return date of the order to show cause the telephone company submitted affidavits in opposition to the motion and the court, deeming that there was a disputed question of fact involved, denied the motion for a peremptory order but granted an alternative order.   On the trial of the issues of fact the jury found for petitioner.   Thereupon the petitioner moved upon all proceedings previously had for a final peremptory order.   The telephone company made a cross-motion for an order dismissing the alternative order.   The motion of the petitioner was granted and the motion of the telephone company denied.   Upon appeal to the Appellate Division the orders were affirmed.

In May, 1935, the owner of the cigar store in question was arrested and thereafter tried and convicted of violation of section 986 of the Penal Law, it being alleged that the public telephone service was being used in connection with bookmaking, bets and wagers.   On November 27, 1935, another man was arrested for a similar crime.   All told there were five arrests for the crime of gambling committed on the premises where the booths were located and it was established by the testimony of the police inspector that the telephones on the premises were used in connection with the commission of those crimes.   Thereupon the police officers removed the telephones from the booths and caused notices to be placed upon the booths that the telephones were out of service. On April 4, 1936, the petitioner acquired the lease to the premises from the previous owner and went into possession. On April 6th, by letter, the petitioner made an appli-

cation to the telephone company to reopen the public telephones. The request for restoral of service was referred to the police department of the city of New York for approval and on April 28th the telephone company was advised that the application was disapproved, and petitioner was so advised. On May 7th a request was made by the attorney for petitioner for reconsideration. The matter was again referred to the deputy commissioner of police in charge of the district and while the matter was still under investigation and before any determination had been made, this proceeding was commenced.

The service applied for was not for the private use of petitioner or family. Such service as he sought was installed by the telephone company at such places as it deemed would best serve the public interest and would produce satisfactory revenue for itself. The telephones were strictly public phones, not for the benefit of the owner of the premises any more than for the benefit of the public at large. The owner of the premises was not liable to the telephone company for any service and handled no moneys in connection with the service, but received a consideration from the telephone company for the use of the premises based upon the income derived from the public use of the phones. Petitioner had no contractual relations whatsoever with the telephone company. The latter asserts that petitioner has failed to establish any clear legal right to the restoration of service in the booths in question, that service in the particular booths would be inimical to the public interest, that it cannot be compelled to perform an act which will work a public or private mischief and that it may as matter of law, in its discretion, refuse to reinstate or furnish service on the premises in question.

At the outset, the petitioner asserts that the appellant has waived all such questions and, in fact, all questions of substantive law, by failure to file written objections to the petition in point of law prior to the time that the return to the alternative order was made.

Sections 1313–1340 of the Civil Practice Act, in force prior to repeal on September 1, 1937 (Laws of 1937, ch. 526), related to mandamus proceedings. Section 1322 provided that " the person, upon whom an alternative mandamus order is served, instead of making a return to the petition and order, may file in the office where the order is returnable written objections to the papers in point of law; or he may object to a state of facts constituting a separate grievance and make return to the petition and order as to matters not affected by the objections." The provisions of that section related only to permissive procedure subsequent to the service of the alternative order. In the case at bar the application was made for a peremptory order, which could be granted only if no question of fact was involved. (Civ. Prac. Act, § 1319.) The court granted an alternative order. Proceedings under the alternative order were intermediate of application for the peremptory order in the first instance and the motion for the final peremptory order after disposition of the questions of fact raised by the petition and return to the alternative order. The right to the final peremptory order still depended exclusively, as in the first instance, upon questions of law. It is well settled that the defendant in a proceeding for peremptory mandamus may, at any time after the return to an intermediate order and before a peremptory mandamus is awarded, object to the issuance of the final order on questions of law (*People ex rel. Post* v. *Ransom*, 2 N. Y. 490; *People ex rel. Ajas* v. *Department of Health*, 138 App. Div. 559). That this court has adhered to the rule stated is indicated in the decision in *Matter of Flaherty* v. *Craig* (226 N. Y. 76). When that case was in the Appellate Division (184 App. Div. 428) it was held that questions of law raised upon the petition could not be considered because objections had not been filed preliminary to the alternative writ. On appeal to this court the question was specifically presented and argued

in the briefs of counsel but the court decided the case upon the questions of law involved, in spite of the decision in the lower courts on the points of practice. Counsel for respondent rests heavily upon the decision in the case of *Matter of Isenbarth* v. *Bartnett* (205 App. Div. 845). An examination of the records and proceedings in that case indicates that nothing was decided by the Appellate Division contrary to the foregoing rule. This is particularly shown by the decision of the Appellate Division on a subsequent appeal (206 App. Div. 546) when that court affirmed the order of the lower court granting a peremptory order on the ground that the zoning ordinance involved was " legally unreasonable " and by the decision of this court affirming the order (237 N. Y. 617).

It is a fundamental rule in mandamus proceedings that a peremptory order may not issue unless the petitioner has a clear legal right to the relief which he seeks (*People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496, 498; *People ex rel. Corrigan* v. *Mayor*, 149 N. Y. 21ᵤ, 223). Upon the application for an order dismissing the alternative order and in opposition to the motion for the peremptory order of mandamus, the appellant filed an affidavit in which it specifically raised that question and also the question of its legal duty to install public telephone service upon the premises of the petitioner. To show that the appellant had a duty to install such service and that the petitioner had a clear legal right to compel its installation, respondent relies upon section 91, subdivisions 1 and 3, of the Public Service Law (Cons. Laws, ch. 48), which read as follows:

" 1. Every telegraph corporation and every telephone corporation shall furnish and provide with respect to its business such instrumentalities and facilities as shall be adequate and in all respects just and reasonable. All charges made or demanded by any telegraph corporation or telephone corporation for any service rendered or to

be rendered in connection therewith shall be just and reasonable and not more than allowed by law or by order of the commission. Every unjust or unreasonable charge made or demanded for any such service or in connection therewith or in excess of that allowed by law or by order of the commission is prohibited and declared to be unlawful."

" 3. No telegraph corporation or telephone corporation shall make or give any undue or unreasonable preference or advantage to any person, corporation or locality, or subject any particular person, corporation or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

There is no charge here that the telephone corporation failed to furnish and provide adequate, just and reasonable instrumentalities and facilities in connection with its business, unless its business compelled it to establish and maintain public telephone facilities in the premises in question, or that charges were unjust or unreasonable or more than allowed by law or by order of the Commission. No charges were or could be made under the provisions of its contract, its rules and regulations and the authority of the Commission to the owner of the premises for the public telephone service in question, nor did it have any duty, at the caprice or demand of any individual, to install this type of service, which was for its own benefit and the public welfare and only incidentally for the benefit of petitioner. The uncontradicted evidence establishes that similar service was provided for the public directly across the street from the premises in question and also nearby on the same side of the street. There was no claim here that the public needed additional service, nor could the petitioner represent in this proceeding the public generally to procure additional service if it were needed. The petitioner cannot complain under subdivision 3 of section 91. That provision of the Public Service Law is designed to prohibit

undue and unreasonable preferences. There is no assertion here that others are being preferred to the petitioner, nor has he any legal right arbitrarily to insist upon the maintenance on his premises of public telephone service. The question would be different if he were seeking a private line. There is no claim that the service is refused because of the petitioner's character, which is conceded to be good, but the fact that an applicant's character is good is not decisive of the question as to whether he may arbitrarily require the installation and maintenance of public telephone service in his premises, regardless of the public interest.

The telephone company has a right to decide as to whom it shall constitute as its agent in connection with its general public phone booth service and to make and enforce reasonable rules and regulations which, when filed in compliance with the Public Service Law of the State of New York, are presumed to be reasonable. These rules are properly set up in the defendant's affidavits and are open for consideration here in spite of the fact that the trial court erroneously excluded them on the trial of the issue of fact raised by the alternative order. Defendant asserts that such rules, when filed, could only be attacked, if attack is permissible in a mandamus proceeding, upon the ground that they were or are in fact unreasonable. Reading sections 92 and 97 of the Public Service Law it may fairly be said that the Legislature has sufficiently broadly provided for supervision over service of telephone companies to include supervision over and determination of places where and the conditions under which such service may be required. The appellant filed rules and regulations *relating to public telephones* on May 24, 1930, which became effective in New York city on June 1st of that year. One of those rules provides that " the Company recognizes its responsibility for providing adequate telephone facilities to meet all reasonable public requirements, and in the discharge of this

responsibility, the decision as to the extent, character and location of the public telephone facilities to be provided in any given locality rests with the Company." It is thus provided that, having in view its general responsibility to the public for public telephone service, the location of facilities for that service must rest with the company. Of course, a rule not in accord with the Public Service Law or with any other applicable law would be invalid, but the question of the validity of the rule is not involved in this case. Petitioner seeks to maintain that defendant has applied those rules unreasonably, prejudicially and in a discriminatory manner. As to whether rules of a public utility duly promulgated were by it so applied is open for decision in the courts, but the question of the reasonableness of the rule can be attacked only before the Public Service Commission (*Murray* v. *New York Telephone Co.*, 170 App. Div. 17; affd., 226 N. Y. 590). If the rule is valid defendant is the sole judge as to the location of public telephone service. If the rule is to be attacked such attack must be conducted before the Public Service Commission (*Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.*, 237 U. S. 121, 131).

The orders should be reversed, with costs in all courts, and the petition dismissed, with costs.

FINCH, J. (dissenting). The petitioner owns a cigar store in a business district of lower Manhattan. The New York Telephone Company has refused to install public coin box service in his store. Formerly the telephone company had furnished such service in the store and found it profitable. While the former owner was still in possession of the store he was arrested and convicted for bookmaking, which involved the use of the public telephones. Subsequently another person was arrested and charged with bookmaking over these telephones, but the complaint was dismissed. On the occasion of the second arrest the police department dismantled the telephones in the booths in the premises.

In 1936 the petitioner, while negotiating to purchase this cigar store, learned that telephone service had been discontinued therein by order of the police department. Upon application to the telephone company he was advised that service would be restored as soon as the police department informed the telephone company that it had no objection to the restoration of such service. The police department informed the petitioner that it had no objection to telephone service on the premises, but objected only to the occupant, and that, upon due proof that a legitimate, *bona fide* new owner was in possession, it would withdraw its objection. Subsequently the petitioner completed the purchase of the store. After going into possession he made application to the telephone company for public coin box service, and was referred by them to the police department. The police department refused approval on the ground that it had no assurance that the telephone service, if restored, would not be used in connection with race-track gambling. These proceedings were then instituted. An alternative order of mandamus against the telephone company was granted, and, upon a verdict by the jury in favor of the petitioner, a peremptory order was entered. The Appellate Division has affirmed.

The Legislature has provided that a telegraph or a telephone company must furnish reasonable facilities and may not give any undue preference or advantage to any person, corporation or locality, or subject any particular person, corporation or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever. (Public Service Law, § 91.)

It is submitted that the telephone company does not possess an absolute right to refuse public coin box service. This right, which it is held to possess, may be exercised arbitrarily and without assigning a reason. To sustain this right reference is made to a rule which the telephone company has filed with the Public Service Commission. That rule provides that " the Company recognizes its responsibility for providing adequate telephone facilities

to meet all reasonable public requirements, and in the discharge of this responsibility, the decision as to the extent, character and location of the public telephone facilities to be provided in any given locality rests with the Company."

Where a rule adopted or filed with the Public Service Commission is ambiguous and may be read so as to conflict with the State laws, or, in the alternative, may be read so as to conform with the governing statutes, it should be construed as complying with these statutory requirements. To read this rule as giving the telephone company an absolute and arbitrary right to deny public coin box service would render it inconsistent with the Public Service Law and, therefore, invalid. It is no answer to say that private telephone service may not be denied to the petitioner without reasonable basis. The statute is not limited in scope, and reasonable grounds must exist before any kind of service, public or private, may be denied. Naturally, the telephone company has broader scope in denying public coin box service than it has in reference to private service. Certainly such public service may be denied where it would not be profitable. When, as in the case at bar, the revenue is satisfactory, presumably there is a public demand for such service, and denial requires that a valid reason must be advanced. Only by blinking at the actualities can it be said that, since these are public telephones, the question is one solely between the public and the utility, and no attention need be paid to the desires of an individual store owner.

In large cities, especially in business sections, it is common knowledge that a substantial portion of the customers of cigar stores make their purchases incidental to the use of the telephone, and that the revenue from such customers may determine whether the business will or will not be profitable. The fact that owners of cigar stores in the neighborhood are supplied with public coin box service gives them an advantage over and results in unfair discrimination against the petitioner.

The effect of a contrary decision is to invest the telephone company with arbitrary discretion whether to grant public telephone service to one chain of cigar stores as against another competing chain. A public service corporation should not be accorded so wide a latitude of selection, and the Legislature by statute has attempted to limit the exercise of discretion of such corporations. Refusal to install public telephone service may reasonably be based upon considerations of income or risk to equipment. Reasonable basis may not be found in the unwillingness of the police department to approve. This would leave the petitioner without redress. He cannot bring action against the police to compel approval. The possibility exists that at times such refusal may be based upon ulterior considerations. On the other hand, if we permit a remedy against the telephone company, the latter is compelled to inquire of the police their ground of objection, and must render service unless this ground or some other furnishes a valid basis for refusal.

In the case at bar it is conceded that the refusal by the telephone company is based solely on the ground that the police had not given approval. This action on the part of the police department was not based upon the character or any act of the petitioner. The claim against the petitioner is limited to an attack on the character of his predecessor in ownership of the store, with which predecessor he is in no way connected. Under the circumstances the jury was justified in finding that there was no reasonable basis for the refusal to grant service to the petitioner.

The judgment appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., concur with RIPPEY, J.; FINCH, J., dissents in opinion in which LOUGHRAN, J., concurs; HUBBS, J., taking no part.

Orders reversed, etc.