Brewster, J.
In accordance with its rates and charges duly made and established pursuant to the statute (Public Service Law) and the rules and orders of the commission, the plaintiff public utility sued and recovered a judgment against the defendant for unpaid balance on account of gas and electricity which it furnished him between June 5, 1943, and August 20, 1947. Plaintiff sued and so recovered in the Kingston City Court, and on appellant’s appeal to the Ulster County Court the judgment was affirmed.
Under a permission granted by the commission by its general order in case No. 7406 (5 N. Y. Official Compilation of Codes, Rules & Regulations, p. 869), and per the schedules of its rates duly filed and promulgated, plaintiff had billed defendant for gas and electricity furnished him during the aforesaid period, viz., a net amount thereof if the hill was paid within ten days, and if not, a larger, styled as “ gross ” amount, if paid later. Defendant paid his bills at the net amount so rendered but after the ten-day period, and refused to pay at the gross amount. The difference was the amount sued for and recovered.
In the City Court defendant’s motion to dismiss the complaint for its failure to state a cause of action was denied. That attack was upon the ground that the complaint’s disclosure of the aforesaid method of charging for what it furnished defendant, at the net and gross amounts, rendered the latter an unjust and unreasonable rate and constituted the amount sued an illegal and usurious exaction of interest. The City Court then granted plaintiff’s motions to strike out the first, second, third *443 and fourth affirmative defenses and to dismiss the fifth defense by way of counterclaim, as set forth in defendant’s amended answer. This was upon the grounds that the court had no jurisdiction of their subject matter, and that they were improperly interposed, and that they were insufficient in law. The grounds upon which defendant moved to dismiss the complaint, generally considered, were the same as those which underlaid his aforesaid defenses. More specifically the affirmative defenses were to the effect: that the amount sued for constituted an illegal penalty and an usurious and illegal rate of interest; that the billing of charges at the net and gross amounts under the permission of said general order in case No. 7406, constituted an unauthorized rate revision and that said order was illegal and void. The fifth defense and counterclaim was to the effect that the rates charged and paid by defendant were unjust and unreasonable, to the extent of one third thereof as to the furnished gas and one fourth thereof as to electricity, the counterclaim being for the alleged excessive amounts paid.
By stipulation of the parties the only matters tendered for our review upon this appeal are the correctness of the aforesaid rulings of the City Court and the order of the County Court insofar as it affirmed them.
In my opinion all the questioned rulings of the City Court were correct. Naught was shown or pleaded against the proposition that the plaintiff’s charges against defendant were in full compliance with all the applicable provisions of the Public Service Law and the lawful rulings and order of the commission. When all is said the fact remains that defendant is complaining about gas and electricity rates and charges which were made by plaintiff in accordance with the statute, and allowed by it and the order and permission of the commission which had jurisdiction over them, and exclusively so in the original instance. Such I consider to be an over-all answer to the questioned correctness of the rulings of the City Court. (Public Service Law, §§ 66, 71, 72; Matter of Leitner v. New York Tel. Co., 277 N. Y. 180, 188; City of New York v. New York Edison Co., 196 App. Div. 644; Murray v. New York Tel. Co., 170 App. Div. 17, affd. 226 N. Y. 590; Public Service Comm. v. Iroquois Natural Gas Co., 184 App. Div. 285, affd. 226 N. Y. 580.)
If we were to go further into the defendant’s contentions we find they simmer down to the proposition that plaintiff’s charges for what it furnished, at a “ net ” amount if paid in ten days and at a larger and ‘1 gross ’ ’ amount if paid later, rendered the latter illegal for the various reasons advanced by his affirmative defenses.
*444 As to the fifth defense and counterclaim, I feel little need be said. Clearly, defendant may not institute a rate case against a public utility by such means. His grievance there can go only to the Public Service Commission.
Throughout defendant’s whole argument, as based upon his affirmative defenses, runs the implied admission that the duly sanctioned rates could, legally, provide a discount for prompt payment of the bill rendered. But, by taking a phrase out of text from plaintiff’s duly filed schedules which, in part, states that “ Bills are due when rendered ” he seeks to transform into a penalty or an illegal exaction of interest that which other parts of the schedules constitute and expressly denominate a discount for prompt payment as permitted by general order of the commission, case No. 7604. The fact that the one phrase provides that the bill is due when rendered cannot in the light of the other pertinent matter be held to mean that the periodic charge is due and demanded as payable upon the rendition of the bill. All the pertinent provisions of the schedules when considered together, reasonably and clearly import and state that the charge is for the given quantity of gas or electricity at the gross rates stated, but, pursuant to the authorization given by the general order, if the bill be paid within ten days from rendition it may be at the lesser stated net rates. I see nothing in this but the offer of a discount for prompt payment which was within the power of the commission to allow in its general order. The schedules simply state, both as to electricity and gas, that: “ Bills are due when rendered and are payable at the net rate specified in the service classification if paid on or before the date specified on the bill which shall be not less than ten days from date bill is rendered ”, and as to the “ Terms of Payment ’ ’, that: ‘ ‘ Bills will be rendered at the gross amount and will be discounted to the net amount if paid on or before the date specified on the bill, which shall be not less than ten days from date bill is rendered.” (Italics supplied.)
I am unable to see how the above quotations from the rate schedules can be tortured into any other meaning than the offer of a discount for prompt payment. The first quotation above given is from the part of the schedule headed, ‘ ‘ General Information ” and the second from that part entitled, “ Service Classification ”, and it is to be noted that in the latter, where the rate charge for quantities are listed, the gross rate is first given and beside it the net rate is stated. In other words, the schedule states that the bill will be rendered at the gross rate *445 but will be discounted to the stated net rate if paid within ten days after rendition. The judgment should be affirmed.
Foster, P. J., Heffernan, Deyo and Coon, JJ., concur. Judgment affirmed, with costs.