Per Curiam.

During the war emergency, at a time when the regular eligible list for patrolman had been exhausted, petitioner was certified, subject to investigation, by the municipal civil service commission to the police department for appointment as patrolman from the list of special patrolman. He now seeks reinstatement to the list and to his position as patrolman following his removal during his probationary term for a medical defect disclosed by such investigation. The court below, after verdict for petitioner on the issues of fact, set aside the jury’s verdict and dismissed the petition. Although the jury’s verdict on a trial of the issues of fact in this article 78 proceeding was not advisory in nature, the court still acted within its authority and properly in setting the verdict aside and dismissing the petition. The evidence before the jury tended to prove only that there was a difference of opinion among the medical experts and did not establish that the action of the municipal civil service commission and the commissioner of police in declaring petitioner not qualified was arbitrary and without reasonable basis. It is clear that petitioner is not entitled to the relief sought (Matter of Strauss v. Hannig, 256 App. Div. 662, affd. 281 N. Y. 612; Matter of Schwab v. McElligott, 282 N. Y. 182; Matter of Eichler v. McElligott, 259 App. Div. 151, affd. 283 N. Y. 716; Matter of Tiernan v. Walsh, 268 App. Div. 962, affd. 294 N. Y. 299). The court had power to dismiss these proceedings at any time prior to the issuance of the final order for insufficiency in law (People ex rel. Ajas v. Department of Health, 138 App. Div. 559).
On the facts of this case the commission was not without power to reach and correct its error in certification. It is uncontroverted that the conditional certification was made pursuant to an established rule in a time of emergency. The disqualification, according to the commission’s medical experts, is of a *543 permanent nature and was discovered during petitioner’s probationary term and before he had attained his permanent status. Petitioner was granted a full opportunity to submit contrary evidence upon the matter in issue. The order and judgment appealed from should be affirmed, with costs to the respondents.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order and judgment unanimously affirmed, with costs to the respondents.