Clare J. Hoyt, J.
Petitioner the owner and operator of a gas station in the City of Yonkers applied to the respondent, New York Telephone Company, in 1959 for a public coin telephone to be installed on his premises. The application was granted and the phone was installed in an inclosed booth on petitioner’s premises. On March 25, 1964, as the result of an investigation, including an authorized tap on the phone, two men were seized, who had been using the phone, and were charged with gambling. A statement was thereupon obtained from the petitioner in which he admitted that for three months these two men had been using the phone to accept bets with his knowledge.
On March 27,1964 respondent New York Telephone Company removed the phone from the booth on petitioner’s premises and *150 petitioner has instituted this proceeding to compel respondents to restore the public coin phone or in the alternative to furnish petitioner with a private or semi-private phone in petitioner’s premises.
Petitioner’s application must be denied. A peremptory order in a proceeding in the nature of mandamus can only issue if the petitioner has a clear legal right (Matter of Leitner v. New York Tel. Co., 277 N. Y. 180). Under the rules of the respondent Telephone Company, approved by the Public Service Commission, the character, extent and location of public coin telephones are properly determined by the Telephone Company. These public phones are installed at the discretion of the Telephone Company primarily for outgoing service for use of the general public (P. S. C.-N. Y.-800, § 3 [2d rev.], p. 1, par. A [2] [3]) and petitioner thus has no legal objection that the respondent Telephone Company has elected to discontinue such service.
In addition to this right of the respondent Telephone Company to discontinue a public coin telephone where, as here, the telephone has been used for gambling purposes with the knowledge of the petitioner, the respondent Telephone Company may discontinue the service. It has the power In the event of prohibited or improper use of the facilities or service [to] terminate the service, and sever the connection and remove its equipment from the subscriber’s premises ”. (P. S. C.-N. Y.-800, § 1 [2d rev.], p. 7, par. II, [5].) These rules and regulations filed in compliance with the Public Service Law are presumed to be reasonable when filed (Leitner v. New York Tel. Co., supra) and the only question is thus whether the respondents have applied them unreasonably or with prejudice or discrimination.
The burden is on the petitioner to establish this and he has not done so. ‘ ‘ In this proceeding, the petitioner bears the burden of establishing his clear right to the service by proof sufficient to overcome that submitted by the respondent to the effect that the petitioner permitted the use of his establishment for illegal activities” (Sgueglia v. New York Tel. Co., 137 N. Y. S. 2d 404, 407).
The petitioner seeks alternative relief, that a private or semiprivate phone be installed in his premises in the event the service on the public coin phone is not restored. Petitioner made no such request before the institution of this proceeding. The remedy here sought will not lie for the anticipatory refusal of respondents to furnish petitioner with a private or semi-private phone. (22 Carmody-Wait, New York Practice, p. 212, § 114.)
*151 The petitioner having made no application for a private or semi-private phone, there has been no denial of such by the respondents and the court has nothing to review relative to a private or semi-private phone. The decision herein is without prejudice to petitioner’s right to make such an application. The petition is denied and the proceeding is dismissed.