Hon. Stephen J. Wing County Attorney, Dutchess County
We acknowledge receipt of your letter inquiring whether Chapter 55 of the Laws of 1979 may be constitutionally applied through the operation of section 183-a of the Judiciary Law to provide a retroactive salary increase for your district attorney effective on January 1, 1979, the date of commencement of his term.
Judiciary Law, § 183-a reads as follows:
"§ 183-a. Compensation of certain district attorneys.
 "Notwithstanding any other provision of law, the district attorney of each county having a population of more than five hundred thousand according to the last federal census, exclusive of the counties of New York, Bronx, Kings, Queens and Richmond, shall receive an annual salary equivalent to that of a justice of the state supreme court together with such additional compensation as the legislative body of such county may provide by local law. Further, that the district attorney of each county having a population of more than one hundred thousand and less than five hundred thousand according to the last federal census, exclusive of the county of Richmond, and the district attorney of any county, the board of supervisors of which has designated such office as a full-time position pursuant to subdivision eight of section seven hundred of the county law, shall receive an annual salary equivalent to that of county judge in the county in which the district attorney is elected or appointed, together with such additional compensation as the legislative body of such county may provide by local law."
Section 2 of Chapter 55 of the Laws of 1979 increases the salaries of various judicial officers including judges of the County Court of Dutchess County. That salary increase is to be retroactively effective under Chapter 55 to October 1, 1978.
According to your letter, it is the position of the District Attorney of Dutchess County that the operation of Chapter 55 of the Laws of 1979, specifically sections 2 and 19 thereof, and the operation of section183-a of the Judiciary Law entitle him to receive this salary increase effective January 1, 1979 when his second term of office began.
However, the New York State Constitution, Article XIII, § 7 provides:
"§ 7. [Compensation of officers]
 "Each of the state officers named in this constitution shall, during his continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he shall have been elected or appointed; nor shall he receive to his use any fees or perquisites of office or other compensation."
It has been held that a district attorney is a constitutional state officer (Dodge v City of New York, 252 App. Div. 631, reversed on other grounds 278 N.Y. 25 [1938]).
Based on Article XIII, § 7 of the New York State Constitution, we stated in an informal opinion to the Honorable F. Jay Juracka on April 11, 1979, that the salary of a district attorney may not be increased during the term for which he was elected. Consequently, the increase in the salaries of district attorneys as provided by the Judiciary Law, § 183-a becomes effective only when these officers or their successors begin new terms of office (1972 Atty Gen [Inf Opns] 206).
In our opinion, the salary of a district attorney may not be increased retroactively during his term of office. Although Chapter 55 of the Laws of 1979 makes the provisions providing for retroactive salary increases effective as of October 1, 1978, the Chapter was not approved until April 6, 1979, after the commencement of the district attorney's term of office. Consequently, if the salary of the district attorney is increased retroactively to equal that authorized for a county judge pursuant to section 2 of Chapter 55 of the Laws of 1979, it will violate Article XIII, § 7 of the New York State Constitution.