OPINION OF THE COURT
Stephen Smyk, J.
The Governor commenced the above-entitled action to obtain a judgment declaring that he has the sole authority to appoint a qualified person to fill any vacancy occurring in the office of Sheriff of the County of Chemung despite an apparently conflicting provision of that county’s charter, and enjoining defendant from acting to fill a vacancy in the office of Sheriff created by the resignation of Sheriff Patrick A. Patterson. In opposition, defendant asserts that the Charter of the County of Chemung provides an alternative form of county government under the municipal home rule provisions of the New York State Constitution and that, therefore, the provision of the charter which authorizes the county executive to fill such a vacancy by appointment cannot be superseded by State law. Defendant also argues that the Governor should be estopped from seeking a declaration that he has the sole authority to fill such a vacancy based upon his failure to exercise that authority when an earlier vacancy occurred, and that the office of *43 Sheriff is a local office without State-wide significance. Both parties now move for summary judgment, and the court agrees that there are no triable issues of fact to preclude the award of such relief.
The claim of the Governor is based primarily upon subdivision 7 of section 400 of the County Law. Subdivision 7 states, in pertinent part: “Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the office of sheriff with the advice and consent of the senate if in session.” On the issue of whether or not this provision supersedes an inconsistent local law or county charter, the Governor relies upon the holding by the Appellate Division, Third Department, in Carey v Oswego County Legislature (91 AD2d 62, affd 59 NY2d 847). In Carey v Oswego County Legislature, the court held that the Governor has the exclusive right to fill a vacancy in the office of District Attorney despite a conflicting local law because subdivision 7 of section 400 is a valid State enactment which supersedes any inconsistent local law.
Defendant attempts to distinguish the case at bar from the Carey case (supra) by emphasizing that this case concerns a county charter rather than a local law, and by pointing to the different constitutional provisions applicable to the offices of Sheriff and District Attorney. Defendant relies primarily upon the holding in Westchester County Civ. Serv. Employees Assn. v Del Bello (47 NY2d 886, revd on dissenting opn below 70 AD2d 604) which explicitly recognized the home rule power of a county to abolish the office of Sheriff under certain circumstances. Defendant argues that a grant of the power to abolish, and transfer the duties of, the office of Sheriff necessarily includes the more limited power to fill a vacancy in that office by local appointment.
While the court agrees that the County Charter of the County of Chemung was adopted pursuant to the municipal home rule provisions of article IX of the State Constitution in order to establish an alternative form of county government, the issue of whether or not a particular provision of that charter relating to the filling of vacancies is superseded by section 400 of the County Law turns not *44 upon whether the office of Sheriff is primarily a local office, but rather upon whether the filling of a vacancy in that office is a matter of State concern. “It is well established that the home rule provisions of article IX do not operate to restrict the Legislature in acting upon matters of State concern.” (Matter of Kelley v McGee, 57 NY2d 522, 538.)
Although following the reasoning in Matter of Kelley v McGee (supra) leads to the conclusion that the office of Sheriff, like the office of District Attorney, is essentially a county office rather than a State office (Matter of Kelley v McGee, supra, pp 535-536), the inquiry must extend to whether or not there is sufficient State concern with that office to warrant State regulation of the filling of vacancies. In light of the duties of the Sheriff in connection with the enforcement of the penal laws of this State, the operation of local correctional facilities, and the exercise of civil authority under State law, this court must conclude that the office of Sheriff is one of sufficient State-wide concern that State regulation of the filling of vacancies is warranted. (See Matter of Kelley v McGee, supra, pp 538-540.) The State has an important interest in assuring that the duties of Sheriff are undertaken by a qualified person when there is a vacancy in an elected office.
Therefore, this court is constrained to follow the holding in the Carey v Oswego County Legislature case (supra) and award judgment to the Governor declaring that subdivision 7 of section 400 of the County Law supersedes any inconsistent provision of the Charter of the County of Chemung because the office of Sheriff is an office with State-wide significance. The decision that there is sufficient State concern with the filling of vacancies in local elective offices despite the home rule provisions authorizing counties to adopt alternative forms of county government is supported by the expression of legislative intent contained in section 205 of the Alternative County Government Law where the State reserved the right to the Governor to fill vacancies in the office of Sheriff, and other “local” offices, even though a county may have elected to adopt an alternative form of county government. Although the County of Chemung apparently did not adopt one of the forms set forth in that law, section 205 is a clear reassertion of State legislative intent.
*45 Thus, the court concludes that the filling of a vacancy in the office of Sheriff in the County of Chemung is a matter of State concern and that the State has validly reserved the right of the Governor to fill such vacancies without restraint by the home rule provisions of the State Constitution. The court finds no merit to defendant’s contentions that the Governor should be estopped from exercising that right.
Accordingly, plaintiff’s motion is granted. The court will, however, continue the stay provisions of a prior order of the court pending the anticipated taking and perfection of an appeal by defendant.