Allen C. Miller, Jr., Esq. Assistant County Attorney, Columbia
You have asked whether Columbia County, a non-charter county, may by local law extend the term of office of coroner from three to four years. Also, you ask whether the mandatory referendum required in relation to such local law may be submitted at the general election in which the first four year coroner may be elected or, alternatively, at a special election to be held on the preceding primary day.
Under section 400 of the County Law, coroners are to be elected for three year terms (§ 400[1]). Counties are authorized, however, to enact local laws abolishing the office of coroner and creating the appointive office of medical examiner (id., § 400[2]). The medical examiner serves at the pleasure of the appointing authority (id., § 400[4-a]). Additionally, as to certain counties, the powers and duties of the office of coroner have been transferred to the district attorney (id., § 400[3-a], [3-b]).
While coroners and medical examiners exercise powers of paramount importance to the State (id., §§ 671, et seq.), we believe that these positions are local rather than State offices (see Matter of Kelley vMcGee, 57 N.Y.2d 522 [1982]; 1979 Op Atty Gen [Inf] 259). Under Article IX of the New York State Constitution, local governments have power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law relating to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of their officers and employers (Art IX, § 2[c][i] and [ii][1]; Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). A "general law" for home rule purposes is defined as "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (NY Const, Art IX, § 3[d][1]; Municipal Home Rule Law, § 2[5]).
We believe that authority exists locally to establish the term of coroner. In our view, the determination of the term of a local officer is a subject within the "affairs and government" of the county (NY Const, Art IX, § 2[c][i]; Municipal Home Rule Law, § 10[1][i]). Additionally, under Municipal Home Rule Law, § 10(1)(ii)(a)(1) (see also, N Y Const, Art IX, § 2[c][ii][1]), a county has considerable authority to establish and structure local positions. The courts have recognized the extensive home rule authority of local governments with respect to local offices and positions (Resnick v County of Ulster,44 N.Y.2d 279 [1978]). While a State statute may involve matters of State concern, it does not necessarily follow that every aspect of the statute is a matter of State concern (see Matter of Heimbach v Mills, 67 A.D.2d 731
[2d Dept, 1979]). Although the powers and duties of coroners are matters of State concern, the term of a coroner, in our opinion, is not (ibid.).*
Thus, home rule power is available to establish the term of a county coroner.
In addition, we conclude that under the home rule definition, section400(1) of the County Law, establishing the term of coroner, is not a "general law". As we have shown, some counties have established the position of medical examiner in place of coroner and in others the powers and duties of the coroner have been transferred to the district attorney. Thus, the three year term for elected coroners established by section 400(1) of the County Law is not in terms and in effect applicable alike to all counties. Further, section 2(b) of the County Law authorizes charter counties by charter law or local law to supersede any conflicting provisions of the County Law "unless a contrary intent is expressly stated in [the County Law]". There is no contrary intent as to the term of coroner in section 400 of the County Law. This is another basis for concluding that section 400(1) does not, by its terms, apply alike to all counties or to all counties other than those wholly included within a city. Thus, a county may enact a local law modifying the provisions of section 400(1) of the County Law to establish a four year term for the office of coroner.
Because the local law changes the term of an elected official, it is subject to mandatory referendum (Municipal Home Rule Law, §23[2][e]). Your second and third questions relate to the time of a referendum under this provision. A local law subject to mandatory referendum under section 23 is to be submitted for approval at a general election held not less than 60 days after the adoption of the local law unless by its terms the local law provides for its submission at a special election or unless a petition is filed requesting submission of the local law at a special election (id., § 23[1]). If a special election is so required, it is to be held no less than 60 days after the adoption of the local law on a date fixed by the local legislative body(ibid.). The local law becomes operative only if approved by an affirmative vote of the majority of the voters (ibid.).
Thus, under section 23 a mandatory referendum will be held at the general election in November or at a special election on a date fixed by the county legislative body. Your county legislative body could provide in the local law for its submission at a special election and specify the date of the election.
In our view, the referendum should not be conducted at the same election at which persons running for coroner are on the ballot. Presumably, under such a scenario, the voters would be electing a four year coroner provided that the referendum to extend the office to four years was approved. This is improper because the voters would not know whether they were electing a coroner for a three or four year term and could cause considerable confusion. In light of the authority of the legislative body to call for a special election at a time it chooses, these circumstances can be avoided.
We conclude that a county may enact a local law modifying the provisions of the County Law to establish a four year term of office for coroner. The local law is subject to mandatory referendum which may be conducted at a general or special election.
* In Lewis and Madison Counties, the powers and duties of the coroner have been transferred to the district attorney (id., § 400[3-a], [3-b]). The subdivisions effecting this change include the following language:
 "The provisions of this section shall not have the effect under section ten of the municipal home rule law to permit any county, other than * * * [Lewis or Madison Counties] as herein prescribed, to change, amend or supersede, by local law, any provisions of this chapter."
Apparently, this restricts other counties from enacting local laws transferring the powers and duties of the coroner to the district attorney. It has no bearing on the term of office of coroner.