Edward M. Lieberman, Esq. Special Counsel, Town Board of Mamaroneck
You have asked whether the Town of Mamaroneck may by local law appoint a special investigator and empower that investigator, with the consent of the local district attorney, to grant immunity to town employees interviewed in his investigation. The investigation concerns allegations that a particular town employee violated municipally-enacted rules and regulations. None of the allegations, however, charge the employee in question with any crimes. You have indicated that the employee in question is an employee-at-will.
Immunity may only be conferred by operation of the Constitution or as authorized by statute (see People v Dunbar, 53 N.Y.2d 868, 870 [1981];Matter of Doyle, 257 N.Y. 244 [1931]). Criminal Procedure Law, §50.20, governs the grant of immunity in matters other than a grand jury proceeding. This section establishes the procedure for granting immunity and provides in part that any witness in a legal proceeding:*
 "2. . . . may be compelled to give evidence in such a proceeding notwithstanding an assertion of his privilege against self-incrimination if:
 "(a) The proceeding is one in which, by express provision of statute, a person conducting or connected therewith is declared a competent authority to confer immunity upon witnesses therein; and
 "(b) Such competent authority (i) orders such witness to give the requested evidence notwithstanding his assertion of his privilege against self-incrimination, and (ii) advises him that upon so doing he will receive immunity."
Thus, section 50.20(2)(a), mandates that a statute expressly authorize the granting of immunity by an individual conducting a legal proceeding. In our view, this provision only authorizes the delegation of this power by State law. A local law is legislation enacted by a particular municipality applying solely to that particular county, city, town or village (Municipal Home Rule Law, § 2[7-9]), while a statute is legislation enacted by the State Legislature whether it be a general law applying alike to all counties, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]) or a special law applying to one or more, but not all counties, cities, towns or villages (Municipal Home Rule Law, § 2[12]).
Further, the Legislature has implemented section 50.20(2)(a) by providing that in a criminal proceeding other than a grand jury proceeding, the court may confer immunity only upon an express request to do so by the district attorney (CPL, § 50.30). This grant of power is consistent with the district attorney's duty to conduct all prosecutions for crimes and offenses in his county (County Law, § 700[1]). Your proposed local law would authorize a special prosecutor in a civil investigation
to grant immunity to a witness testifying in the investigation. Local laws are required to be consistent with general State laws (Municipal Home Rule Law, § 10). The proposed local law is, in our view, inconsistent with State law, irrespective of whether the local law requires that the district attorney consent to the grant of immunity. It appears from this State statutory scheme that the procedure for granting of immunity is a subject of State, rather than local concern (see Adler vDeegan, 251 N.Y. 467, 489-490 [concurring opn by Cardozo, Ch.J.] [1929]). The courts have recognized that district attorneys, with their responsibilities to enforce the penal laws of the State and represent the people of the State in criminal matters, act in areas of State concern (Kelley v McGee, 57 N.Y.2d 522, 538-540 [1982]).
In view of the foregoing, we conclude that a town is not authorized by local law to empower a special investigator to grant immunity to witnesses interviewed in his investigation of a municipal employee-at-will alleged to have violated municipally-enacted rules and regulations.
* A "legal proceeding" is "a proceeding in or before any court or grand jury, or before any body, agency or person authorized by law to conduct the same and to administer the oath or to cause it to be administered" (id., § 50.10[2]).