Requestor: James E. Konstanty, Otsego County Attorney County Office Building 197 Main Street Cooperstown, New York 13326
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether your district attorney may be upgraded from part-time to full-time status prior to the expiration of his current term.
Your letter cites an informal Attorney General's opinion (1975 Op Atty Gen [Inf] 167) for the proposition that a district attorney's compensation may not be increased prior to the expiration of his current term. This position was based upon the New York State Constitution which states in relevant part that "[e]ach of the state officers named in this constitution shall, during his continuance in office, receive a compensation . . . which shall not be increased or diminished during the term for which he shall have been elected . . ." (NY Const, Art XIII, § 7).
However, in a more recent opinion (1979 Op Atty Gen [Inf] 259), in light of the granting of home rule powers to counties, we stated that a district attorney is not a State officer for purposes of this constitutional prohibition. This finding was subsequently confirmed by the Court of Appeals in Kelley v McGee, 57 N.Y.2d 522 (1982).
The Court of Appeals explained that beginning in 1935 with the adoption of the Fearon Amendment to the State Constitution, authorizing different forms of county government, there has been an evolving tendency to grant county governments ever greater autonomy over their internal affairs (Kelley, at 522, 535). This culminated with the enactment of the 1963 home rule amendment to the State Constitution (NY Const, Art IX).
In light of these developments, the Court held that
 "under the present constitutional framework, the characterization of a District Attorney as a State officer is conceptually incompatible with the broad authority afforded counties over their local offices by the home rule provisions. Accordingly . . . a District Attorney should no longer be considered a `state officer' within section 7 of article XIII of the Constitution" (Kelley, supra, p 536).
Freed of this constitutional restraint, a locality is now able to make its district attorney full time during the current term, thus increasing his compensation to the level mandated by State law.
We conclude that a district attorney may be given full-time status prior to the expiration of his current term.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.