Requestor: S. John Campanie, Esq., County Attorney Madison County P.O. Box 635 Wampsville, New York 13163
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a non-charter county by local law may supersede certain provisions of the County Law.
Section 214(2) of the County Law requires that a true copy of each local law enacted by the legislative body of the county be published in the official newspaper at least once a week for two successive weeks. Your county proposes the enactment of a local law permitting instead the publication once of a notice of adoption and an abstract of the provisions of newly-enacted local laws, together with the details as to the location and availability of a copy of the actual text for further review. You have informed us that this proposal is designed to save money while preserving the salient purpose of giving notice to the public.
Section 215(5) and (6) of the County Law controls the disposition of county real property. The legislative body must determine that county real property is no longer necessary for public use through adoption of a resolution by a two-thirds vote of the body. County Law § 215(5). The real property may be sold only to the highest responsible bidder after public advertisement. Id., § 215(6). Your county has proposed a local law to permit the private, negotiated sale of county real property that is no longer necessary for public use. You have explained that under certain circumstances a negotiated sale offers the prospect of an orderly and more advantageous disposition of real property than could be obtained through sale to the highest bidder.
Your question is whether a non-charter county is authorized to enact the proposed local laws, which would supersede sections 214 and215 of the County Law.
Every local government, including a county, is authorized to adopt and amend local laws, not inconsistent with the provisions of the Constitution or any general State law, relating to its property, affairs or government and the transaction of its business. N.Y. Const Art IX, § 2(c)(i) and (ii)(3); Municipal Home Rule Law § 10(1)(i) and (ii)(3). We believe it is clear that the proposed local law dealing with post-adoption publication of local laws falls within the property, affairs or government and is part of the transaction of the business of the county. 1986 Op Atty Gen (Inf) 64. It also seems clear that the proposed local law dealing with the method of sale of county real property falls within the property, affairs or government of the county. 1983 Op Atty Gen (Inf) 93. Thus, we conclude that the proposed local laws are within the affirmative grant of home rule authority to counties. The authority to enact local laws, however, is restricted by the requirement that local laws be consistent with general laws. For purposes of the home rule provisions, a "general law" is defined as
 "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages".
Municipal Home Rule Law § 2(5); see also, N.Y. Const, Art IX, §3(d)(1). Thus, it is clear under this definition that a State statute is not a general law in its application to counties unless it applies in terms and in effect alike to all counties or to all counties other than those wholly included within a city.
The history of this constitutional provision and case law confirm this definition of a "general law". A predecessor of the current Article IX definition was Article XII, § 2 of the State Constitution of 1923, which defined a "general law" applicable to cities in substantially the same terms. In construing this provision, Chief Justice Cardoza found that a general law for home rule purposes is a State law that in terms and in effect applies alike to all cities. Adler v Deegan, 251 N.Y. 467,486-487 (1929). This definition of general law in the 1923 Constitution sharply contrasted with its predecessor in the Constitution of 1894, which expressly provided that State laws applying to certain classes of cities based upon population were general laws. N.Y. Const, Art XII, § 2 (1894). The definition of a "general law" today is basically the same as in 1923, except with the grant of home rule powers to other units of local government, the term "general law" is now also applicable to towns, villages and counties.
The current definition of general law as to counties includes only two categories — all counties or all counties not wholly included in a city. A State law applicable to only non-charter counties, for example, or applicable only to counties over 500,000 in population, clearly would not be a general law under the Article IX definition.
The predecessor of the present home rule provision, providing that the Legislature could act in relation to the property, affairs or government of a city only by general laws which, in terms and in effect, applied alike to all cities, or upon a home rule request by the affected city, was construed in Johnson v Etkin, 279 N.Y. 1 (1938). The Court of Appeals found that the State Optional City Government Law was not a general law because it gave to all cities the option of choosing one of several forms of government. In terms and in effect, the State law applied only to cities deciding to come under it.
 "[T]he Optional City Government Law is not binding upon all cities . . . It is optional . . . This is not a general law, immediately effective and operative in all cities alike . . . Its effectiveness as a law — its force as a law is not general; it would only become general in effect when adopted by all cities in one form or another."
Johnson v Etkin, supra, 279 N.Y. at 6.
In Nydick v Suffolk County Legislature, 81 Misc.2d 786, 789-791 (Sup Ct Suffolk Co), affd, 47 A.D.2d 241 (2d Dept), affd, 36 N.Y.2d 951 (1975), it was found that section 400 of the County Law is not a general law under the home rule definition. The court reasoned that since the Legislature has permitted charter counties to enact charter laws inconsistent with section 400, that provision is not a general law in that it does not apply to all counties. We note that while this reasoning was the basis of the court's decision, county charter laws are not generally required to be consistent with general State laws. Town ofSmithtown v Howell, 31 N.Y.2d 365 (1972).
The current Article IX definition of "general law" was construed by the Court of Appeals in Town of Smithtown v Howell, supra, 31 N.Y.2d 365. InSmithtown, the Court of Appeals reasoned that the prior exclusions of two counties from provisions of the State General Municipal Law made these laws special, rather than general laws. Town of Smithtown v Howell,supra, 31 N.Y.2d at 395. The elimination of the exclusion for Nassau and Suffolk Counties transformed these provisions of the General Municipal Law into general laws. Ibid. Thus, in Smithtown, the Court of Appeals found that a State law is a general law in its application to counties only if it applies alike in terms and in effect to all counties or to all counties other than those wholly included in a city.[1]
We note that the term "general law" as used in other provisions of the Constitution outside of Article IX has a different meaning. For example, in Farrington v Pinckney, 1 N.Y.2d 74 (1956), a State law applicable to a class of counties based upon population for purposes of jury selection was held to be a general law under Article III, § 17 of the Constitution. Farrington v Pinckney, supra, 1 N.Y.2d at 81. Article III, § 17 prohibits the passage of "private or local" bills relating to certain subjects such as jury selection. The Court of Appeals inFarrington found that under this provision the jury selection law was a general law in that it applied to a reasonably conceived class of counties. In Hotel Dorset Company v Trust for Cultural Resources,46 N.Y.2d 358 (1978), the Court of Appeals considered the constitutionality of a State statute providing for the establishment of cultural trusts through tax exemptions to assist participating institutions. The Court found that the State statute dealing with tax exemptions, which reasonably classified municipalities, was a general law under Article XVI, § 1 of the Constitution. That section provides that exemption from taxation may be granted only by general law. Thus, in different contexts, the term "general law" takes on different meanings. The home rule article of the Constitution is clear and specific in its definition of a general law.
We also note that where a State statute deals with a "matter of State concern", the home rule article of the Constitution is not implicated.Adler v Deegan, supra, 251 N.Y. 467. As to matters of State concern, the Legislature may act in the normal fashion, unrestricted by the home rule protection of Article IX of the State Constitution. Kelley v McGee,57 N.Y.2d 522, 538 (1982).
 "Once a statute is found to involve an appropriate level of State interest, the fact that it effects a classification among the local governments it regulates does not render the enactment invalid, so long as that classification is reasonable and related to the State's purpose."
Kelley v McGee, supra, 57 N.Y.2d at 540. Examples of subjects found by the courts to be matters of State concern include the salaries of district attorneys (Kelley v McGee, supra); protection of the resources of the Adirondack Park (Wambat Realty Corp. v State of New York,41 N.Y.2d 490 [1977]); and the preservation of the purity of the Long Island aquifer (Town of Islip v Cuomo, 64 N.Y.2d 50 [1984]).
It seems clear that neither section 214 nor 215 is a general law under the home rule definition. Section 2 of the County Law provides that provisions of the County Law that are in conflict with a charter law enacted by a charter county or a local law enacted by such a county, do not apply to the county "unless a contrary intent is expressly stated" in the provision. County Law § 2. Sections 214 and 215 include no "contrary intent", thus permitting a charter county by charter law or local law to be inconsistent with their provisions. Further, because of the exception for charter counties, sections 214 and 215 are not "general laws". 1986 Op Atty Gen (Inf) 64. Sections 214 and 215 of the County Law do not, by their "terms", apply alike to all counties, or to all counties other than those included within a city. Also, in that charter counties have enacted charter laws superseding these provisions of sections 214 and 215, these State statutes do not "in effect" apply alike to all counties or to all counties other than those wholly included within a city. See, e.g., Westchester County Charter, ch 104, § 104.11(2); Monroe County Charter, § C2-7(B); Broome County Charter, § C209. These provisions are not general laws and may be superseded by a non-charter county acting within its grant of home rule authority.
In our view, a local law providing for publication of an abstract of a local law and of details as to the location and availability of the actual text of the local law meets due process requirements. The abstract should give clear notice of the general content of the local law and the local law must be readily available for public inspection. Also, we have found that disposition of municipal real property by negotiated sale is authorized provided that the public interest is served. 1987 Op Atty Gen (Inf) 177.
We conclude that a non-charter county may enact a local law superseding the provisions of sections 214 and 215 of the County Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
[1] But see the Appellate Division's opinion in Radich v Council of theCity of Lackawanna, 93 A.D.2d 559, 564-565 (4th Dept), affd, 61 N.Y.2d 652
(1983). In Radich, however, the Court of Appeals in a memorandum decision upheld the State statute in finding that it dealt with a "matter of State concern", wherein home rule restrictions are not implicated. (See,infra..) See also, Rozler v Franger, 61 A.D.2d 46, 51-52 (4th Dept 1978), where, in dictum, the Court misconstrued the definition of a general law. This discussion was irrelevant in light of the court's eventual finding that a provision of the Village Law could be amended or superseded under the "supersession authority" granted to villages. See,
similar dictum in Long Island Liquid Waste Association, Inc. v Cass,115 A.D.2d 710, 711 (2d Dept 1985). The Appellate Division held that the provision of the County Law was specifically not applicable to a charter county.