Requestor: Daniel F. Leary, Esq., First Deputy County Attorney County of Putnam 40 Gleneida Avenue Carmel, N Y 10512
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a county through a charter provision may establish a composition of a county board of health that differs from the composition established by section 343 of the Public Health Law.
Under section 343, the board of health of a county or part-county health district consists of seven members:
 "The board of health of a county or part-county health district shall consist of seven members, one of whom shall be a member of the board of supervisors, selected by the board of supervisors, and at least three of whom shall be physicians licensed to practice in the state of New York, and in addition thereto, each city which becomes a part of the county or part-county health district shall be entitled to one additional representative member on the board of health."
Your county charter provides for a board of health consisting of 11 members to be appointed by the county legislature in the manner and for the term provided in the Public Health Law. The board is to include the categories of representation specified in the Public Health Law and also the county executive or his or her designee and a member appointed primarily on the basis of known experience and interest in environmental matters.
The State Constitution authorizes counties to adopt, amend, or repeal alternative forms of county government, known as charters. N Y Const ArtIX § 1(h). The Legislature has implemented these provisions through Article 4 of the Municipal Home Rule Law, referred to as the County Charter Law. Counties have been authorized to adopt, amend or repeal county charters, setting forth the structure of county government and the manner in which it is to function. Municipal Home Rule Law Art 4 § 33(1), (2). Unlike local laws adopted by municipalities, which are required to be consistent with general State laws (NY Const Art IX §2[c]), neither the Constitution nor the County Charter Law requires that charter laws be consistent with general State laws. Matter of Smithtown vHowell, 31 N.Y.2d 365 (1972); Matter of Heimbach v Mills, 67 A.D.2d 731
(2d Dept 1979). There are specific limitations and restrictions on the enactment and amendment of county charters. Municipal Home Rule Law § 34. For example, a charter law may not supersede certain general or special laws enacted by the Legislature. Id., § 34(3). We see no limitation that would prohibit or restrict the county from enacting a charter provision establishing a board of health different in its composition from a board established under section 343 of the Public Health Law.
We note that both local laws and charter laws must be consistent with provisions of State law, dealing with matters of State concern. Kelley vMcGee, 57 N.Y.2d 522 (1982). These provisions of the Public Health Law, dealing with administration and procedure, do not fall within the above category. Village of Tully v Harris, 119 A.D.2d 7 (4th Dept 1986). Administration of a county health district is a matter of local concern.Ibid.
We conclude that a county may enact a charter provision establishing the membership of the board of health which differs from the composition established by State law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.