Stephen L. Oppenheim, Esq. Informal Opinion County Attorney No. 95-16 County of Sullivan P. O. Box 5012 Monticello, N Y 12701
Dear Mr. Oppenheim:
You have asked whether a charter county, in exercising the powers granted by section 2(b) of the County Law or in exercising other home rule powers, may set up a plan for the representation of indigent defendants which is different from the options granted by County Law § 722.
Section 2(b) of the County Law provides that no section of the County Law applies to any charter county that has enacted or in the future enacts an inconsistent charter law or local law unless the section of the County Law includes a "contrary intent" to restrict action by the charter county. The obvious purpose of this provision is to grant to a charter county the flexibility to establish the structure of its government and the manner in which county government is to function in order to meet local needs. If charter governments were invariably required to be consistent with every provision of the County Law, there could never be an alternative form of county government or effective home rule for counties. See, Heimbach v Mills, 67 A.D.2d 731, 732 (2d Dept 1979). Compare, Davis Const. Corp. v County of Suffolk, 95 A.D.2d 819, 820 (2d Dept 1983), where a contrary intent in a provision of the County Law invalidated a local law enacted by a county.
As you have pointed out, section 722 of the County Law does not include a contrary intent within is provisions. Section 722 requires the governing body of each county to place in operation throughout the county a plan for providing counsel to indigent persons charged with crimes and to others who are entitled to counsel under provisions of the family Court Act and the Surrogate Court Procedure Act. Generally, the plan may provide for representation by a public defender, a private legal aid bureau or society, counsel furnished in accordance with a plan of a bar association in the county, or through representation according to a plan containing a combination of any of the above. County Law § 722(1), (2), (3), (4).
This legislation, establishing a comprehensive scheme for representation of indigent defendants, was introduced in the Legislature at the request of the Attorney General. Bill Jacket, L 1965, Ch 878, July 1, 1965 Letter from the Temporary Commission on the Revision of the Penal Law the Criminal Code the Counsel to the Governor. The legislation was introduced in view of decisional law, which requires the courts to instruct a defendant upon his first appearance that if he cannot afford a counsel the court will assign one (citing, People v Witenski, 15 N.Y.2d 392
[1965] and Gideon v Wainwright, 372 U.S. 335 [1963]). Bill Jacket,supra, July 1, 1965 Memorandum from the Attorney General to the Governor. Under prior law, the various counties had the option of establishing public defender services but many elected not to do so.Ibid. This resulted in the anomalous situation that a person charged with a serious crime in New York City had available to him the services of the Legal Aid Society, partially supported by public funds, whereas the same person charged with the same crime in other places in the State was dependent upon uncompensated assigned counsel. Bill Jacket, supra, Memorandum Regarding Senate 2911 by the New York State Bar Association, Committee on State Legislation. The Bar Association noted that
 the increased burden of representing all indigent persons cannot, in fairness, be met by the uncompensated work of individually assigned lawyers. Lawyers who are assigned to represent indigents should be compensated sufficiently to permit them to devote the time, care and patience to the preparation and disposition of the case which are necessary to meaningful exercise of the right to counsel.
Ibid. Also, the assignment of counsel under an organized plan will prevent abuses such as patronage in the assignment of compensated counsel. Ibid.
Even without a contrary intent n a provision of the County Law, the courts have found that where the provision deals with a matter of State concern, a charter county is prohibited from enacting a charter law or local law inconsistent with the State law's provisions. Carey v OswegoCounty Legislature, 91 A.D.2d 62 (3d Dept), affd, 59 N.Y.2d 847 (1983);Cuomo v Chemung County Legislature, 122 Misc.2d 42 (Sup Ct Chemung Co 1983). As to matters of State concern, the Legislature is unrestricted by home rule protections. Alder v Degan, 251 N.Y. 467 (1929). Local laws must be consistent with special, as well as general State laws in this area. See, ibid. In our view, section 722 of the County Law, in establishing a plan for the provision of counsel to indigent persons, is a matter of State concern. The reasons for the passage of this legislation, as stated in the Bill Jacket, support this finding. Early in the articulation of the constitutional right to assigned counsel for indigent defendants, it was anticipated that the private bar could not carry the burden of uncompensated representation for the large numbers of persons involved. Matter of Smiley, 36 N.Y.2d 433 (1975). Consequently, Article 18-B of the County Law was enacted to provide systematic representation of defendants by assigned counsel and for their compensation. Ibid. Thus, neither section 2(b) nor other home rule powers may be used to set up a different plan.
We conclude that a charter county may not set up a plan for the representation of indigent defendants which is inconsistent with the options provided by section 722(1)-(4) of the County Law. In order to establish such a plan for Sullivan County, an act of the State Legislature would be required.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions