Informal Opinion No. 98-7 Anthony M. Cerreto, Esq. Village Attorney Village of Port Chester 10 Pearl Street Port Chester, N Y 10573
Dear Mr. Cerreto:
You have informed us that the village is considering enacting a local law that would remove the responsibility for conducting disciplinary proceedings for village police officers from the jurisdiction of the village board of trustees. You have referred to our Informal Opinion No. 95-55, in which we found that a village by local law, subject to mandatory referendum, may amend provisions of the State Village Law to transfer the responsibility for determining discipline of a police officer from the village board of trustees to the village manager. Your inquiry is whether your village is prohibited from taking similar action by reason of special State legislation governing village police departments in Westchester County. Unconsolidated Laws § 5711-q.
Informal Opinion No. 95-55 construed section 8-804 of the Village Law, which establishes a procedure for disciplining village police officers. Under that provision, the village board of trustees or the board of police commissioners, if established, is authorized to adopt rules and regulations for the determination of charges against members of a village police department. The ultimate decision on discipline is made by the board of trustees or the board of police commissioners. We found that under section 8-804 the regulations may provide for the conduct of a hearing by any village officer but the ultimate decision regarding discipline must be made by the board of trustees or board of police commissioners. The question presented was whether a village may enact a local law authorizing the village manager, instead of the board of trustees or the board of police commissioners, to make the ultimate determination of discipline.
We concluded that a village may enact such a local law under Municipal Home Rule Law § 10(1)(ii)(e)(3), which authorizes the board of trustees, subject to some restrictions, to enact a local law amending or superseding a provision of the Village Law dealing with a subject which falls within the scope of home rule authority. The opinion reasoned that the board of trustees is authorized to determine the powers, duties, qualifications and other terms and conditions of employment of its officers and employees. Municipal Home Rule Law § 10(1)(ii)(a). Therefore, we found that the board of trustees may enact a local law amending section 8-804 to give the village manager authority to determine the discipline of police officers in accordance with findings of fact made at the hearing. The local law would transfer the power the board of trustees to determine discipline. Therefore, the local law would be subject to a mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law, which provides that a local law transferring a power of an elected officer is subject to a mandatory referendum.
Your village's police department is governed by a special State law applicable to police departments in Westchester County. Under section 5711-q of the Unconsolidated Laws:
Notwithstanding any other provisions of law, the employment of village policemen and the establishment, organization and operation and all matters concerning police or police departments in all villages in the county of Westchester shall be governed solely by the provisions of this article except that nothing herein shall be construed to prohibit the establishment of police pension funds in such villages in accordance with the provisions of this chapter.
Subdivision 9 of section 5711-q defines the procedure for bringing charges and disciplining village police officers in Westchester County. Under subdivision 9, the board of trustees or municipal board (probably a reference to the board of police commissioners, if established) has power to adopt rules and regulations for the hearing and determination of charges made against members of the village police force. Unlike section8-804 of the Village Law, subdivision 9 provides that the conduct of the hearing may not be delegated and charges must be heard by the board of trustees or board of police commissioners and an affirmative vote of a majority of these members is necessary in order to convict a police officer on charges proffered.
In our view, regardless of the language of section 5711-q on non-delegation, your village may amend by local law subdivision 9 of section 5711-q of the Unconsolidated Laws to transfer jurisdiction over disciplinary determinations from the village board of trustees to another village officer. We base this view on Article IX of the State Constitution and the Municipal Home Rule Law, pursuant to which local governments have power to adopt and amend local laws, not inconsistent with provisions of the Constitution or any general law, relating to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and other terms and conditions of employment of their officers and employees. NY Const, Art IX, §2(c)(i), (ii)(1); Municipal Home Rule Law § 10(1)(i), (ii)(a)(1).
Article IX, § 2 of the State Constitution "grants significant autonomy to local governments to act with respect to local matters. Correspondingly, it limits the authority of the State Legislature to intrude in local affairs . . .". City of New York v. Patrolmen's Benevolent Association, 89 N.Y.2d 380, 387 (1996). The New York State Constitution, Article IX, § 2(c)(ii) grants to every local government the authority to adopt local laws, consistent with the Constitution and general State laws, relating to specific subjects "whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government . . .". Therefore, the Legislature may restrict the adoption of local laws only to the extent that their subjects fall outside of the category "property, affairs or government".
Two inquires are relevant under Article IX, § 2. One is whether a particular statute is one of general or special applicability. The other is whether "the subject matter of the statute is of sufficient importance to the state generally to render it a proper subject of State legislation". Matter of Kelley v. McGee, 57 N.Y.2d 522, 538 (1982). Where the subject of a State statute deals with a matter of State concern, a local law is required to be consistent with the statute even though it may be a "special law" within the home rule definition. See, Matter of Kelley v. McGee, 57 N.Y.2d at 538. If the subject of a State statute is to a substantial degree a matter of State concern, although mingled with it also are concerns of the locality, the statute is a matter of State concern and cannot be amended or superseded by a local government. Adler v. Deegan, 251 N.Y. 467, 489-491 (1929). Nor would the passage of the State law be subject to a home rule request. Id.
Here it is clear that section 5711-q(9) is not a "general law". For home rule purposes, a "general law" is a "law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages". N Y Const, Art IX, § 3(d)(1); Municipal Home Rule Law § 2(5). The State act governing police departments and in particular disciplining of police officers in villages in Westchester County is a special, rather than a general law. See, Municipal Home Rule Law § 2(12), defining a special law.
Next, we believe it is clear that the determination of disciplinary procedures for village police officers falls within home rule authority. Op Atty Gen (Inf) No. 95-55; see also, City of New York v. Patrolmen's Benevolent Association, 89 N.Y.2d 380 (1996), in which the Court of Appeals found that a State law regulating the bargaining process between the City and its police officers relates to the "property, affairs or government" of the City and, therefore, was subject to a home rule request.
Finally, recent Court of Appeals precedent leads us to believe that the procedure for disciplining police officers in villages in Westchester County is not a matter of State concern. See, City of New York v. Patrolmen's Benevolent Association, 89 N.Y.2d 380. The language of the provision begins with "[e]xcept as otherwise provided by law". Moreover, other villages in the State are subject to the provisions of the Village Law and, therefore, may utilize the supersession authority in order to enact local laws amending or superseding Village Law provisions governing the disciplining of police officers. These factors militate against any determination that the procedure for disciplining village police officers in Westchester County is a matter of State concern.
Further, other provisions of State law provide authority for conducting disciplinary proceedings which may apply to village police officers in Westchester County. Section 75 of the Civil Service Law provides that persons holding positions by permanent appointment in the competitive class of the civil service or holding certain positions by permanent appointment in the classified service and who are exempt volunteer firemen or honorably discharged veterans may not be removed or disciplined except for incompetency or misconduct shown after a hearing upon stated charges. Civil Service Law § 75(1)(a), (b). Section 76 of that law establishes the procedure for appeal of disciplinary and removal actions imposed under section 75. Section 76 of the Civil Service Law also provides that sections 75 and 76 may be supplemented, modified or replaced by agreements negotiated under the Taylor Law. Id., § 76(4). The Taylor Law requires that public employers negotiate collectively with employee organizations regarding the terms and conditions of employment. Civil Service Law § 204(2). Disciplinary procedures are terms and conditions of employment and, therefore, are mandatory subjects of collective bargaining. Board of Education, Huntington v. Teachers, 30 N.Y.2d 122 (1972). In that there are parallel provisions of State law that may apply to disciplining of village police officers in villages in Westchester County, these factors also militate against concluding that the subject provisions of the Unconsolidated Laws are matters of State concern.
We conclude that a village in Westchester County by local law may amend the provisions of the Unconsolidated Laws governing discipline of police officers to transfer the responsibility for making disciplinary determinations from the board of trustees to some other officer. The local law is subject to a mandatory referendum under section 23(2)(f) of the Municipal Home Rule Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions