Kenneth E. Powell, Esq. Informal Opinion No. 99-06 Village Attorney Village of Rye Brook 14 North Broadway Tarrytown, N Y 10591
Dear Mr. Powell:
You have requested our opinion concerning a village's authority to supersede provisions of the Village Law. The provisions in issue govern the membership of planning boards and zoning boards of appeals.
The so-called supersession authority is provided by section 10(1)(ii)(e)(3) of the Municipal Home Rule Law, which authorizes village boards to enact local laws, subject to exceptions not relevant here, amending or superseding provisions of the Village Law provided they are acting within the scope of their home rule authority. In prior opinions of this office, we have concluded that village and town boards may utilize their authority to amend or supersede provisions of the Village and Town Laws to modify the structure of planning boards and zoning boards of appeals and regarding the terms and conditions of employment of local officials including their terms of office. 1987 Op Atty Gen (Inf) 117; 1986 Op Atty Gen (Inf) 128; Municipal Home Rule Law § 10(1)(ii)(a)(1).
You informed us that in 1988 the Village's Board of Trustees adopted a local law, to some extent relying on the supersession authority, providing that Planning Board members were to be appointed by the Board of Trustees and establishing their terms of office. The local law, relating to section 7-718 of the Village Law, by its terms, refers to the supersession authority as a source of authority. Section 7-718 relates to the appointment of village planning board members. In 1988, the Village's Board of Trustees also adopted a local law, to some extent relying on the supersession authority, providing for appointment of members of the Zoning Board of Appeals by the Board of Trustees and establishing their terms of office. That local law, relating to section 7-712 of the Village Law, also by its terms refers to the supersession authority. Section 7-712 relates to the appointment of members of the zoning board of appeals.
In 1996, the State Legislature amended sections 7-718 and 7-712. Section 7-718(2) now provides that the mayor is to appoint members of the zoning board of appeals and the chairperson of the board subject to the approval of the board of trustees. The Legislature also amended section 7-718(1) to provide that the members and chairperson of the planning board are to be appointed by the mayor subject to the approval of the board of trustees. Both amendments provided for the mayor to fill vacancies.
You inquire whether the 1988 local laws relating to appointment of members of the planning board and zoning board of appeals have been rendered invalid by the 1996 amendments to sections 7-712 and 7-718 by the State Legislature. Stated differently, what is the effect of subsequent State statutory amendments on local laws enacted under the supersession authority?
There is no indication that the 1996 amendments were intended to be preemptive or matters of State concern. See, Kelley v. McGee, 57 N.Y.2d 522
(1982). In our view, the 1988 local laws, to the extent they constituted a supersession,1 remain valid. The supersession authority enables a village to enact local laws opting out from provisions of the Village Law that are superseded. State legislative amendments to these provisions subsequent to the exercise of supersession authority in our view does not affect the local laws because supersession represents action by the village pursuant to State law to apply locally enacted provisions in place of provisions of State law relating to a particular subject. The supersession authority is designed to permit villages to tailor governmental operations to meet uniquely local needs and conditions. Supersession authority, although on a less comprehensive level, is similar to the development of county charters and city charters to replace provisions of State law in the County Law and General City Law. A village desiring to reapply provisions of State law need only repeal local laws enacted pursuant to the supersession authority.2
We conclude that local laws enacted by a village pursuant to the supersession authority remain valid, despite subsequent State amendments to the State laws that were locally superseded, until the local laws are repealed.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions