■ In the Matter of ROBERT D. DEVOE, Respondent, against TRUSTEES OF THE INCORPORATED VILLAGE OF COLONIE, Appellants.— Appeal by the Trustees of the Village of Colonie from an order of the Supreme Court at Special Term entered April 7, 1960 in Albany County which directed that, in accordance with section 53 of the Village Law, the Trustees " proceed by lot in the choice of the candidate to fill the vacancy on the Board of Trustees between the two candidates who received an equal and the greatest number of votes in the election held on March 15, 1960 ", and stayed the so-called runoff election which the Board of Trustees had directed, pursuant to the consent of the two candidates concerned. The procedural objections interposed at Special Term have been withdrawn and the issue limited to that of the constitutionality of section 53. The procedure prescribed by section 53 does not constitute nor result in a lottery in contravention of the State Constitution (art. I, § 9), within either dictionary or statutory definition of the term or judicial construction of the statutory provision. (Black's Law Dictionary [3d ed., p. 1134, 4th ed., p. 1097]; Penal Law, § 1370; and see *Matter of Frame*, 69 Misc. 568, 573–574; *Matter of Anson* v. *McGann*, 279 App. Div. 586.) Neither, in our view, does the questioned provision of section 53 conflict with the provisions of the State Constitution with respect to the election or appointment of local officers. (Art. IX, § 9; *Matter of Frame, supra.*) The procedure prescribed by section 53 remains part of the election process, which, in the event of a tie vote, has not been completed,

the trustees determining "by lot which of [the two candidates] *shall be deemed elected.*" The choice being limited to the candidates receiving "an equal and the greatest number of votes", the expressed will of those who have voted is effectuated as nearly as may be. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.