Alfred L. Goldberger, Esq. Corporation Counsel, City of Schenectady
Your office has asked whether any authority exists for a municipality to institute a runoff election when no candidate in the general election receives a majority of the votes cast.
Under the Election Law, the candidate who receives the most votes — a plurality — is declared the winner (Election Law, §§6-160, 9-212, 9-214, 9-216; Matter of Ingamells, 259 App. Div. 36 [4th Dept, 1940]; see Butts v City of New York, 614 F. Supp. 1527, 1535
[SDNY], revd 779 F.2d 141 [2d Cir, 1985]). A majority vote is not required to win an election. Certification of the election is done by the canvassing board of the county in which the city lies. Section 9-212
of the Election Law requires the board to "determine each person elected by the greatest number of votes . . . to each city or town office".
We note that a runoff election procedure applies to primary elections in the City of New York for the offices of mayor, city council president and comptroller. Section 6-162 of the Election Law provides that if no candidate in the primaries for these offices receives more than forty percent of the vote, a runoff primary election between the top two finishers determines the nominee (see Butts v City of New York,779 F.2d 141 [2d Cir, 1985]; Procaccino v Board of Elections of the Cityof New York, 73 Misc.2d 462 [Sup Ct, N Y Co, 1973]). Section 6-162 applies, however, only to primary elections for the three enumerated offices in the City of New York.
The question remains whether any city can establish a runoff procedure using its home rule powers. Article IX of the State Constitution, together with section 10 of the Municipal Home Rule Law, directly grant to local governments the power to enact local laws (NY Const, Art IX, § 2 [c] [i], [ii]; Municipal Home Rule Law, §10). The general rule is that in order to be valid, a local law must be consistent with the provisions of the State Constitution and any "general" State laws (Municipal Home Rule Law, § 10 [1] [i]). "General laws", for purposes of home rule powers, are defined as State statutes which in terms and in effect apply alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages (id., § 2 [5]). A local law must, however, be consistent with any State statute dealing with a matter of State concern (Matter of Kelley v McGee, 57 N.Y.2d 522, 538 [1982]). In Adler v Deegan
(251 N.Y. 467 [1929]), the Court of Appeals defined, for the first time, a category of subjects which are matters of State concern, in which the State Legislature can freely legislate outside the restrictions of the home rule provisions of the State Constitution. Although municipalities may retain the right to enact local laws dealing with these matters of State concern, the local law must be consistent with the State statute. The provision in Article IX of the State Constitution that local laws need only be consistent with "general" State laws does not apply as to matters of State concern.
In Procaccino v Board of Elections of the City of New York, (73 Misc.2d 462, 467 [Sup Ct, N Y Co, 1973]), the Court found that the process for election of city officials established by the Election Law is a matter of State concern (see also, Matter of Devoe v Trustees of Inc.Vil. of Colonie, 11 A.D.2d 602 [3d Dept, 1960]). Any local laws enacted with regard to the election process, therefore, must be consistent with the Election Law (Matter of Kelley v McGee, 57 N.Y.2d 522 [1982]). Thus, a local law establishing a runoff election if no candidate receives a majority vote would be inconsistent with the lesser requirement of a plurality established in section 9-212 of the Election Law, and, accordingly, invalid.
We conclude that a city may not institute a runoff election for a city office when no candidate in the general election receives a majority of the vote.